IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINA TORRES and | ) |
| DENNIS L. TORRES | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | )   Case No.    4:19-CV-1525 |
| | ) |
| CITY OF ST. LOUIS, | ) |
| | ) |
| and | ) |
| | )   JURY TRIAL DEMANDED |
| POLICE OFFICER LANCE COATS | ) |
| | ) |
| and | ) |
| | ) |
| POLICE OFFICER GLENNON P. FRIGERIO | ) |
| | ) |
| and | ) |
| | ) |
| POLICE OFFICER JOSHUA D. BECHERER | ) |
| | ) |
| and | ) |
| | ) |
| POLICE OFFICER NICHOLAS J. MANASCO | ) |
| | ) |
| and | ) |
| | ) |
| POLICE OFFICER RONALD ALLEN JR. | ) |
| | ) |
| and | ) |
| | ) |
| POLICE OFFICER JOHN C. JONES | ) |
| | ) |
| and | ) |
| | ) |
| POLICE OFFICER MARK S. SEPER | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| POLICE OFFICER JON B. LONG | ) |
| | ) |

and                                    )
                                       )
POLICE OFFICER TIM BOYCE               )
                                       )
                Defendants.            )

## COMPLAINT

**COMES NOW** Plaintiffs Gina Torres and Dennis Torres and for their cause of action against Defendants, jointly and severally, state as follows:

## PARTIES

1.      Plaintiff Gina Torres is the surviving mother of Isaiah Hammett whose wrongful death was caused by Defendants. Gina Torres is a resident and citizen of the City of St. Louis, State of Missouri.

2.      Plaintiff Dennis Torres is and at all times relevant hereto was a resident and citizen of the City of St. Louis, State of Missouri.  Dennis Torres is the owner of the residence known as 5414 South Kingshighway, St. Louis Missouri

3.      Defendant City of St. Louis is a governmental entities created by and established under the laws of the State of Missouri, including pursuant to Article VI § 1 of the Missouri Constitution.  At all times relevant hereto Defendant City of St. Louis acted through its agents and employees including Defendant Police Officers Lance Coats, Glennon Frigerio, Joshua Becherer, Nicholas Manasco, Ronald Allen, John Jones, Mark Seper, Jon Long, and Tim Boyce ("Defendant Officers") as well as other agents and employees of the St. Louis Metropolitan Police Department. The Defendant Officers are named in their individual capacities as to each of the federal civil rights claims herein brought pursuant to 42 U.S.C. §1983 and 42 U.S.C. 1985.

## JURISDICTION

4.      Plaintiff Gina Torres brings this action due to the violation of her deceased son, Isaiah Hammett's, civil rights under 42 U.S.C. §1983 and 42 U.S.C. 1985 and her derivative civil rights under 42 U.S.C. §1983 and 42 U.S.C. 1985, which provide for this Court's jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.  Venue and jurisdiction are appropriate in this Court as the underlying facts and circumstances occurred within the Eastern District of Missouri.

5.      Plaintiff Dennis Torres brings this action due to the violation of his civil rights under 42 U.S.C. §1983 and 42 U.S.C. 1985 and his derivative civil rights under 42 U.S.C. §1983 and 42 U.S.C. 1985, which provide for this Court's jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. §1343.

6.      Plaintiffs Gina Torres and Dennis Torres hereby request supplemental jurisdiction of their state law claims pursuant to 28 U.S.C. §1367.

## ALLEGATIONS COMMON TO ALL COUNTS

7.      This is a civil action seeking money damages against the Defendants and others, under color of state law, who deprived Isaiah Hammett and the named plaintiffs of rights secured to them under the Constitution of the United States of America and other laws of the United States.  In addition, Defendants conspired to deprive Plaintiffs of those rights with the purpose of impeding and hindering the due course of justice, with the intent to deny Plaintiffs the protection of the Constitution and other laws by denying him of his liberty; and for refusing, failing or neglecting to prevent such deprivations or denials to Plaintiffs causing the wrongful death of Isaiah Hammett.

8.      On June 7, 2017, the individual Defendant Officers, using excessive force unlawfully assaulted and shot Isaiah Hammett 24 times causing his wrongful death.

3

9.      The City of St. Louis and the St. Louis Metropolitan Police Department have exclusive management and control of the policies and practices of the St. Louis Metropolitan Police Department regarding the method and manner of performing search warrants at residences within the City of St. Louis and in officers use of force. The Defendants are responsible for ensuring that officers perform searches of homes and use force pursuant to and in accordance with the United States Constitution, other laws of the United States, and the law of the State of Missouri, and are responsible for insuring that members of the St. Louis Metropolitan Police Department otherwise conduct themselves in a lawful manner in undertaking and performing their duties. Defendant City of Louis violated the Plaintiffs' foregoing rights by custom and practice of failing to train, instruct, supervise, control and discipline the Officers of the St. Louis Metropolitan Police Department for such violations, and said customs, practices and usages caused the deprivation of Plaintiffs' decedent's rights secured under the United States Constitution, other laws of the United States, and the laws of the State of Missouri.

10.     Each and all of the acts of Defendant Officers, as well as the acts of other agents and employees of the City of St. Louis and/or the St. Louis Metropolitan Police Department were done under color and pretense of the statutes of the State of Missouri and the regulations, practices, customs, and usages of the City of St. Louis and the St. Louis Metropolitan Police Department.

## FACTS OF OCCURRENCE

11.     On June 7, 2017 at approximately 11:10 a.m. Defendant Officers and other personnel of the St. Louis Metropolitan Police Department, while executing a search warrant, broke in the front door of Plaintiff's home using a "battering ram" and immediately detonated a "noise diversion device" commonly known as a "flash bang." The officers immediately entered

4

the residence and opened fire, discharged their weapons 93 times, shooting Isaiah Hammett 24 times, and killing him.

12.      Decedent Isaiah Hammett and Plaintiff Dennis Torres were the only two individuals in the home at the time of the killing of Isaiah Hammett and the near-shooting of Dennis Torres.  Neither Isaiah Hammett nor Dennis Torres were armed with any kind of a weapon at any time before, during, or after the shooting of Isaiah Hammett or the near-shooting of Dennis Torres.

13.      Defendant Officers opened fire without having identified themselves as Police Officers or giving commands to Plaintiff Dennis Torres or Isaiah Hammett or giving them a reasonable opportunity to follow commands and without having a reasonable fear for themselves or others of being in danger of bodily harm.

## COUNT I

**PLAINTIFF GINA TORRES' CAUSE OF ACTION AGAINST DEFENDANTS FOR EXCESSIVE FORCE COGNIZABLE UNDER 42 U.S.C. § 1983**

**COMES NOW** Plaintiff Gina Torres for her cause of action against Defendants Lance Coats, Glennon Frigerio, Joshua Becherer, Nicholas Manasco, Ronald Allen, John Jones, Mark Seper, Jon Long, and Tim Boyce jointly and severally for excessive force states as follows:

14.      Plaintiff herewith adopt by reference paragraphs 1 through 13 of this Complaint the same as if fully herein set forth.

15.      Acting within the course and scope of their employment as St. Louis City Police Officers, Defendant Officers acting without just cause or provocation and with the intent to cause serious bodily harm or death, assaulted, battered and killed Isaiah Hammett by discharging their firearms 93 times and shooting him 24 times.

16.     The shooting was the direct result of Defendant Officers' failure to identify themselves as Police Officers and/or the failure to give Plaintiff's decedent Isaiah Hammett time to obey their commands. Furthermore, any commands given by Defendant Officers were not lawful in that they had not announced that they were police officers so that neither Plaintiff Dennis Torres nor Isaiah Hammett were made aware that they were police officers. To the extent Defendant Officers had a right to enter the premises pursuant to a search warrant, the Officers' actions in executing any such warrant were unreasonable and in violation of Isaiah Hammett and Dennis Torres' Fourth Amendment rights.

17.     Defendants had a duty to ascertain that they or someone else was at risk of imminent serious physical injury or death before using deadly force on June 7, 2017.  Isaiah Hammett and Plaintiff Dennis Torres were the only individuals in the home. Neither Isaiah Hammett nor Plaintiff Dennis Torres were armed at any time before, during, or after the shooting. Defendant Officers failed to determine that there was a risk of imminent bodily injury or death to anyone prior to using deadly force.

18.     At no time did Isaiah Hammett or Plaintiff Dennis Torres threaten Defendant Officers or anyone else with imminent bodily injury or death.  Isaiah Hammett did not commit any misdemeanor or felony or any other act which warranted the use of deadly force by Defendant Officers.

19.     The conduct of Defendant Officers in shooting Isaiah Hammett was unreasonable, unlawful and unconstitutional in that Defendant Officers used more force than was reasonably necessary under the circumstances. The conduct of Defendant Officers violated clearly established constitutional rights of Plaintiff and Plaintiff's decedent to be free from the unreasonable use of deadly force.

20.     The use of deadly force was clearly excessive in that, at the time the Defendant Officers used lethal force, they did not have reason to believe that anyone posed an imminent threat of serious physical harm either to Defendant Officers or to any other person. In fact there was no need for force of any kind to preserve the peace, maintain order or to overcome any resistance to authority by Isaiah Hammett or anyone else as set forth above.

21.     Furthermore, a reasonable officer in Defendant Officers' position would have understood that they were required to announce their presence and authority under the circumstances and prior to using lethal force. A reasonable officer in Defendant Officers' position would have known that both Plaintiff Dennis Torres and Isaiah Hammett were not lawfully required to, and could not reasonably be expected to, comply with orders from unknown individuals.

22.     As a direct result of Defendant Officers' unlawful shooting of Isaiah Hammett, performed under color of law and as an exercise of Defendant Officers' authority as  St. Louis Police Officers, Isaiah Hammett, suffered permanent grievous bodily harm, was deprived of his right to be secure in his person, his right to be free from the unreasonable seizure of his person and to be secure from the use of excessive force in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.

23.     As a further direct and proximate result of the conduct of Defendant Officers as set forth above, Isaiah Hammett experienced pain and suffering before his death and Plaintiff Gina Torres has been deprived of her son, Isaiah Hammett's, society, comfort, companionship, services, instruction, guidance, counsel and support as a result of the killing of Isaiah Hammett by Defendant Officers.

24.     The acts of Defendant Officers as set forth above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference or conscious disregard for the federally protected rights of Plaintiff's decedent, thus entitling Plaintiff to an award of punitive damages against Defendant City and Defendant Officers in order to punish Defendants and to deter them and others similarly situated from like conduct in the future.

25.     Plaintiff Gina Torres also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Gina Torres prays judgment against Defendant Officers jointly and severally, for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish Defendants and to deter them and others similarly situated from like conduct in the future and for the costs of this action, their attorney's fees, interest, and for such other and further relief as the Court deems proper under the circumstances.

## COUNT II

### PLAINTIFF GINA TORRES' CAUSE OF ACTION AGAINST DEFENDANTS FOR CONSPIRACY UNDER 42 U.S.C. § 1985

**COMES NOW** Plaintiff Gina Torres and for her cause of action for conspiracy against Defendants Lance Coats, Glennon Frigerio, Joshua Becherer, Nicholas Manasco, Ronald Allen, John Jones, Mark Seper, Jon Long, and Tim Boyce, jointly and severally, states as follows:

26.     Plaintiff Gina Torres herewith adopts by reference paragraphs 1 through 25 of this Complaint the same as if fully herein set forth.

27.     Defendant Officers conspired with one another and with other agents and employees of the City of St. Louis and the St. Louis Metropolitan Police Department and acted in concert by way of an agreement to inflict the wrongs and injuries upon Plaintiff's son as set forth herein.  Their agreement included taking steps to cover up the acts of excessive force. The

conspiracy was intended to and did in fact deny and deprive Isaiah Hammett and Plaintiff Gina Torres of their rights guaranteed to them under the Constitution and laws of the United States and of the State of Missouri.

28.     Defendant Officers and other officers and personnel of the St. Louis Metropolitan Police Department and others acted in furtherance of the objective of the conspiracy by falsely reporting the facts of the killing of Isaiah Hammett, and by taking other actions to prevent Plaintiff's decedent from being free from unreasonable use of force, search and seizure and gaining his liberty. The conspiracy included but was not limited to the use of excessive force, the unlawful detention and restraint of Plaintiff's decedent and the making of false and misleading statements after the events at issue so as to justify the shootings and to create an appearance not in accordance with the actual facts of the shooting and Plaintiff's decedent's death.

29.     The acts of Defendants as set forth above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendants in order to punish these defendants and to deter others from like conduct in the future. Plaintiff Gina Torres also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Gina Torres prays judgment against Defendant Officers jointly and severally for compensatory damages in an amount which is fair and reasonable, for punitive damages against Defendant Officers, in order to punish and to deter them and others similarly situated from like conduct in the future and for the costs of this action, attorney's fees, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT III

### PLAINTIFF GINA TORRES' CAUSE OF ACTION AGAINST CITY OF ST. LOUIS FOR FAILURE TO TRAIN, SUPERVISE OR DISCIPLINE UNDER 42 U.S.C § 1983

**COMES NOW** Plaintiffs Gina Torres for her cause of action against Defendant City of St. Louis, states as follows:

30.      Plaintiff herewith adopts by reference paragraphs 1 through 29 of this Complaint the same as if fully herein set forth.

31      Defendant City of St. Louis is vested with the authority to establish policies or customs, practices and usages of the St. Louis Metropolitan Police Department through training, supervision, discipline and otherwise controlling the officers of the St. Louis Metropolitan Police Department.

32.      There exists within the St. Louis Metropolitan Police Department policies or customs, practices and usages that are so pervasive that they constitute the policies of the department, such that they are and were the moving force behind and caused the constitutional deprivations of the Plaintiff's Constitutional rights as have been set forth herein:

33.      The policies, customs, practices and usages that exist are:

(a)      The officers of the St. Louis Metropolitan Police Department use excessive force without regard for the need for the use of force, or without regard for the legality of its use;

(b)      The officers of the St. Louis Metropolitan Police Department conspire with one another to "cover" for and protect one another from criminal and/or civil sanctions that might arise from the violation of the constitutional rights of citizens;

(c)      The officers of the St. Louis Metropolitan Police Department engage in conduct that is violative of the constitutional rights of citizens with whom they come in

contact, including, but not limited to arresting, detaining and prosecuting people in violation of the constitution and laws, both by the acts and means by which they are accomplished;

(d)     The officers do not use the least intrusive means of force necessary and the officers, by their words or actions, escalate encounters with citizens creating or causing the need for officers to use force or to use more force than otherwise would have been required;

(e)     The officers unlawfully and unreasonably use deadly force to combat non-deadly force, without giving subjects an opportunity to comply, and in other situations that could be controlled by the use of other means.

34.     On information and belief, Defendants have actual notice of these pervasive customs, practices and usages because, among other things, a pattern of prior incidents of shootings and other use of excessive force by officers. Despite these prior incidents, Defendants and others failed to train and supervise their officers, have done nothing to remedy these pervasive customs, practices and usages, and in fact have turned a "blind eye" to them.

35.     Furthermore, the failure to train, discipline or supervise by Defendants has resulted in members of the St. Louis Metropolitan Police Department using excessive force as a matter of custom in violation of clearly established law. The failure to train, supervise or discipline the Department's officers, including Defendant Officers, is not objectively reasonable.

36.     Additionally, Defendant is in possession of Defendant Officers' personnel files, including their disciplinary records, which may disclose additional grounds for Defendant's failure to train, supervise, or discipline Defendant Officers.

11

37.     As a result of Defendant City of St. Louis' failure to train, discipline or supervise the officers of the department, including Defendant Officers, they deprived Plaintiff Gina Torres' son of his rights to be free from excessive force and unlawful and unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and remediable under 42 U.S.C. § 1983.  Plaintiff Gina Torres also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Gina Torres prays judgment against Defendants City of St. Louis for compensatory damages in an amount which is fair and reasonable, and for the costs of this action, attorney's fees, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT IV

### PLAINTIFF GINA TORRES' CAUSE OF ACTION AGAINST DEFENDANT OFFICERS AND DEFENDANT CITY OF ST. LOUIS FOR WRONGFUL DEATH PURSUANT TO SECTION 537.080 RSMO

**COMES NOW** Plaintiff Gina Torres and for her cause of action for wrongful death against Defendant Officers and Defendant City of St. Louis jointly and severally states as follows:

38.     Plaintiff herewith adopts by reference each and every allegation in paragraphs 1 through 37 of this complaint the same as if fully herein set forth.

39.     At all relevant times, Defendant Officers were agents and employees of Defendant City of St. Louis and as law enforcement officers armed with a deadly weapon owed Plaintiffs' decedent, Isaiah Hammett, the duty to exercise the highest degree of care for his safety under the same or similar circumstances by law enforcement officers. In particular, Defendant Officers owed Plaintiffs' decedent the duty to determine that there was an imminent danger of

12

serious physical injury or death to Defendant Officers or others before using deadly force by firing their weapons into Isaiah Hammett.

40.     Defendant Officers breached their duty to exercise the highest degree of care by failing to determine that imminent danger of serious physical injury or death existed before opening fire with their weapons into Isaiah Hammett and by using excessive force. Defendant Officers' actions were in bad faith and constituted a conscious abuse of their powers and duties as police officers, such that Defendant Officers are not entitled to official immunity.

41.     Furthermore, Defendant City of St. Louis has waived sovereign immunity as to the actions of its agents and employees, the Officer Defendants, undertaken in the course of their official duties, in that City of St. Louis has obtained a policy or self-insurance plan which is liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy a judgment in this action. Namely, Defendant City of St. Louis obtains insurance from the Public Facilities Protection Corporation, a not-for-profit corporation which is funded, at least in part, by annual payments from the City. The funds are later disbursed by the corporation to pay any claims against the City, including claims against City police officers. The coverage provided by the PFPC constitutes insurance or, in the alternative, a self-insurance plan, for purposes of Section 537.610 R.S.Mo.

42.     As a direct and proximate result of the negligence of Defendant Officers as set forth above, Isaiah Hammett experienced pain and suffering before his death and Plaintiff Gina Torres has been deprived of Isaiah Hammett's society, comfort, companionship, services, instruction, guidance, counsel and support as a result of the wrongful killing of Isaiah Hammett.

WHEREFORE, Plaintiffs pray judgment against Defendants jointly and severally, for compensatory damages in an amount which is fair and reasonable, for punitive damages in order

to punish and to deter them and others similarly situated from like conduct in the future and for the costs of this action, attorney's fees, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT V

**PLAINTIFF DENNIS TORRES' CAUSE OF ACTION AGAINST DEFENDANTS FOR EXCESSIVE FORCE AND UNRESAONABLE SEARCH AND SEIZURE COGNIZABLE UNDER 42 U.S.C. § 1983**

**COMES NOW** Plaintiff Dennis Torres for his cause of action against the Defendant Officers jointly and severally states as follows:

43.     Plaintiff herewith adopt by reference paragraphs 1 through 42 of this Complaint the same as if fully herein set forth.

44.     As set forth above, acting within the course and scope of their employment as St. Louis City Police Officers, Defendant Officers used excessive force, when they acted without just cause or provocation and with the intent to cause serious bodily harm or death, and assaulted, battered and killed Isaiah Hammett by discharging their firearms 93 times striking him in his body 24 times.

45.     The shooting was the direct result of Defendant Officers' failure to identify themselves as Police Officers and/or the failure to give Plaintiff Dennis Torres and Isaiah Hammett time to obey their orders. Furthermore, any orders given by Defendant Officers were not lawful in that they had not announced that they were police officers so that neither Plaintiff Dennis Torres nor Isaiah Hammett were made aware that they were police officers.

46.     Defendants had a duty to ascertain that they or someone else was at risk of imminent serious physical injury or death before using deadly force on June 7, 2017.  Isaiah Hammett and Plaintiff Dennis Torres were the only individuals in the home. Neither Isaiah

14

Hammett nor Plaintiff Dennis Torres were armed at any time before, during, or after the shooting.  Defendant Officers failed to determine that there was a risk of imminent bodily injury or death to anyone before using deadly force.

47.     At no time did Isaiah Hammett or Plaintiff Dennis Torres threaten Defendant Officers or anyone else with imminent bodily injury or death.  Neither Isaiah Hammett nor Plaintiff Dennis Torres committed any misdemeanor or felony or any other act, which warranted the use of deadly force by Defendant Officers.

48.     The conduct of Defendant Officers was unreasonable, unlawful and unconstitutional in that Defendant Officers used more force than was reasonably necessary under the circumstances.

49.     The use of deadly force was clearly excessive in that Defendant Officers did not have any probable cause or reasonable suspicion to believe that anyone posed a threat of serious physical harm either to Defendant Officers or to any other person. In fact and in truth there was no need for force of any kind to preserve the peace, maintain order or to overcome any resistance to authority by Isaiah Hammett or anyone else as set forth above.

50.     Furthermore, a reasonable officer in Defendant Officers' position would have understood that they were required to announce their presence and authority under the circumstances. A reasonable officer in Defendant Officers' position would have known that both Plaintiff Dennis Torres and Isaiah Hammett were not lawfully required to, and could not reasonably be expected to, comply with orders from unknown individuals.

51.     As a direct result of Defendant Officers' unlawful shooting and excessive use of force, Plaintiff Dennis Torres was exposed to the Defendant Officers' barrage of gunfire, placed in fear for his life, and suffered extreme emotional distress. Furthermore, Plaintiff Dennis Torres'

property was damaged by Defendants unreasonable use of force and unreasonable execution of what was purportedly a search warrant. Plaintiff Dennis Torres was thereby deprived of his right to be secure in his person, his right to be free from the unreasonable seizure of his person, his right to be free from unreasonable and unnecessary damage to his property incident to a search, and his right to be secure from the use of excessive force in violation of his rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America and 42 U.S.C. § 1983.

52.     As a further direct and proximate result of the conduct of Defendant Officers as set forth above, Plaintiff Dennis Torres has been deprived of his grandson and care giver. Isaiah Hammett was at the time of his death was a care giver certified by the Veteran's Administration to provide home care to Plaintiff Dennis Torres, who is a Veteran of the United States Army who suffered wounds to his back, chest, right hand and low back in addition to being exposed to agent orange while serving our country in the war in Vietnam.

53.     The acts of Defendant Officers as set forth above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference or conscious disregard for the federally protected rights of plaintiff, thus entitling plaintiff to an award of punitive damages against Defendant Officers in order to punish Defendants and to deter them and others similarly situated from like conduct in the future.

54.     Plaintiff Dennis Torres also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays judgment against Defendant Officers jointly and severally, for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish Defendants and to deter them and others similarly situated from like

conduct in the future and for the costs of this action, their attorney's fees, interest, and for such other and further relief as the Court deems proper under the circumstances.

## COUNT VI

**PLAINTIFF DENNIS TORRES' CAUSE OF ACTION AGAINST DEFENDANTS FOR CONSPIRACY UNDER 42 U.S.C. § 1985**

**COMES NOW** Plaintiff Dennis Torres and for his cause of action for conspiracy against Defendants, jointly and severally, states as follows:

55.     Plaintiff herewith adopts by reference paragraphs 1 through 54 of this Complaint the same as if fully herein set forth.

56.     Defendant Officers conspired with one another and with other agents and employees of the City of St. Louis and the St. Louis Metropolitan Police Department and acted in concert by way of an agreement to inflict the wrongs and injuries upon Plaintiff as set forth herein.  Their agreement included taking steps to cover up the acts of excessive force. The conspiracy was intended to deny and deprive Isaiah Hammett and Plaintiff Dennis Torres of their rights guaranteed to them under the Constitution and laws of the United States and of the State of Missouri.

57.     Defendant Officers and other officers and personnel of the St. Louis Metropolitan Police Department and others acted in furtherance of the objective of the conspiracy by falsely reporting the facts of the killing of Isaiah Hammett, and by taking other actions to prevent Plaintiff Dennis Torres from being free from unreasonable use of force, search and seizure and gaining his liberty. The conspiracy included but was not limited to the use of excessive force, the unlawful detention and restraint of Plaintiff Dennis Torres and the making of false and misleading statements after the events at issue so as to justify the shootings and to create an appearance not in accordance with the actual facts of the shooting and Isaiah Hammett's death.

58.     The acts of Defendants as set forth above were intentional, wanton, malicious, evil and oppressive, or exhibited a reckless indifference to the federally protected rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendants in order to punish these defendants and to deter others from like conduct in the future. Plaintiff Dennis Torres also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Dennis Torres prays judgment against Defendants jointly and severally for compensatory damages in an amount which is fair and reasonable, for punitive damages against Defendant Officers, in order to punish and to deter them and others similarly situated from like conduct in the future and for the costs of this action, attorney's fees, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

## COUNT VII

### PLAINTIFF DENNIS TORRES' CAUSE OF ACTION AGAINST THE CITY OF ST. LOUIS FOR FAILURE TO TRAIN, SUPERVISE OR DISCIPLINE UNDER 42 U.S.C § 1983

**COMES NOW** Plaintiff Dennis Torres for his cause of action against Defendant City of St. Louis, states as follows:

59.     Plaintiff herewith adopts by reference paragraphs 1 through 58 of this Complaint the same as if fully herein set forth.

60.     Defendants are vested with the authority to establish policies or customs, practices and usages of the St. Louis Metropolitan Police Department through training, supervision, discipline and otherwise controlling the officers of the St. Louis Metropolitan Police Department. As set forth above, there exists within the St. Louis Metropolitan Police Department policies or customs, practices and usages with regard to the use of force that are so pervasive that they

constitute the policies of the department, such that they are and were the moving force behind and caused the constitutional deprivations of the Plaintiff's Constitutional rights.

61.     On information and belief, Defendants have actual notice of these pervasive customs, practices and usages because, among other things, a pattern of prior incidents of use of excessive force by officers. Despite these prior incidents, Defendants and others failed to train and supervise their officers, have done nothing to remedy these pervasive customs, practices and usages, and in fact have turned a "blind eye" to them.

62.     Furthermore, the failure to train, discipline or supervise by Defendants has resulted in members of the St. Louis Metropolitan Police Department using excessive force as a matter of custom in violation of clearly established law. The failure to train, supervise or discipline the Department's officers, including Defendant Officers, is not objectively reasonable.

63.     Additionally, Defendants are in possession of Defendant Officers' personnel files, including their disciplinary records, which may disclose additional grounds for Defendants' failure to train, supervise, or discipline Defendant Officers.

64.     As a result of Defendants' failure to train, discipline or supervise the officers of the department, including Defendant Officers, they deprived Plaintiff Dennis Torres of his rights to be free from excessive force and unlawful and unreasonable seizure in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and remediable under 42 U.S.C. § 1983.  Plaintiff Dennis Torres also seeks an award of attorney's fees and costs pursuant to 42 U.S.C. § 1983.

WHEREFORE, Plaintiff Dennis Torres prays judgment against Defendants City of St. Louis for compensatory damages in an amount which is fair and reasonable, and for the costs of

this action, attorney's fees, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

**COUNT IX**

**PLAINTIFF DENNIS TORRES' CLAIM AGAINST DEFENDANTS FOR INFLICTION OF EMOTIONAL DISTRESS UNDER MISSOURI LAW**

**COMES NOW** Plaintiff Dennis Torres and for his cause of action against all Defendants, jointly and severally, states as follows:

65.   Plaintiff herewith adopts by reference paragraphs 1 through 64 of this Complaint the same as if fully herein set forth.

66.   Defendants owed a duty as police officers to use only reasonable force and to protect the Plaintiff from injury if possible. Nevertheless, acting within the course and scope of their employment with the City of St. Louis and the St. Louis Metropolitan Police Department, Defendant Officers intentionally or recklessly fired their weapons in the direction of Plaintiff Dennis Torres.

67.   Defendant Officers conduct was extreme and outrageous because they failed to identify themselves as Police Officers and/or failed to give Plaintiff Dennis Torres or Isaiah Hammett time to obey their orders, or attempted to ascertain if anyone other than Isaiah Hammett was in the house before breaking in Plaintiff's front door, using a "noise diversion device" and opening fire on an unsuspecting Plaintiff and Isaiah Hammett.  Furthermore, defendants should have realized that their conduct involved an unreasonable risk of causing distress to Plaintiff.

68.   Defendant Officers' conduct caused Plaintiff Dennis Torres, who was in the zone of danger, to be in fear of physical injury and severe emotional distress.

20

69.     As a direct result of the foregoing Plaintiff Dennis Torres has suffered and is likely to suffer in the future from medically diagnosable and medically severe emotional distress, of sufficient severity to be medically significant.

70.     Defendant Officers' actions were in bad faith and constituted a conscious abuse of their powers and duties as police officers, such that Defendant Officers are not entitled to official immunity.

71.     Defendants' reckless infliction of emotional distress, as set forth above, was carried out intentionally and/or with reckless indifference and conscious disregard to the rights of Plaintiff Dennis Torres, thereby entitling Plaintiff Dennis Torres to punitive damages in an amount sufficient to punish and deter Defendants and others similarly situated from like conduct in the future.

WHEREFORE, Plaintiff Dennis Torres prays judgment against Defendant Officers and Defendant City of St. Louis jointly and severally for compensatory damages in an amount which is fair and reasonable, for punitive damages in order to punish and to deter them and others similarly situated from like conduct in the future and for the costs of this action, interest, and such other and further relief as the Court deems fair and proper under the circumstances.

DOWD & DOWD, P.C.

By:     /s/ Richard K. Dowd
        Richard K. Dowd (33383)
        Alex R. Lumaghi (56569)
        211 N. Broadway, Suite 4050
        St. Louis, MO 63102
        (314) 621-2500
        (314) 621-2503 Facsimile
        rdowd@dowdlaw.net
        alex@dowdlaw.net
        *Attorneys for Plaintiffs*