IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GINA TORRES, ET AL., | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:19-CV-1525 |
| CITY OF ST. LOUIS, ET AL., | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT OFFICERS' MOTION
TO DISMISS COUNTS II, IV, VI, VIII FOR FAILURE TO STATE A CLAIM**

COME NOW Defendants Lance Coats, Glennon P. Frigerio, Joshua D. Becherer, Nicholas J. Manasco, Ronald Allen Jr., John C. Jones, Mark S. Seper, Jon B. Long, and Tim Boyce (collectively "Defendant Officers"), and in support of their Motion to Dismiss Plaintiff's First Amended Complaint (doc. 32) ("Complaint"), state as follows:

**I.     INTRODUCTION**

Plaintiffs Gina Torres and Dennis L. Torres assert claims against the Defendant Officers pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985, as well as various state law claims, stemming from the June 7, 2017 officer-involved shooting of Isaiah Hammett ("Decedent") during the execution of a search warrant at 5414 South Kingshighway by City of St. Louis police officers.

In Count I Plaintiff Gina Torres asserts a cause of action against the Defendant Officers for excessive force pursuant to 42 U.S.C. § 1983. In Count II Plaintiff Gina Torres asserts a cause of action against the Defendant Officers for conspiracy under 42 U.S.C. § 1983 and 42 U.S.C. § 1985. In Count IV Gina Torres' asserts a cause of action against the Defendant Officers

1

for wrongful death pursuant to Mo. Rev. Stat. § 537.080. In Count V, Dennis Torres asserts a cause of action against the Defendant Officers for excessive force and unreasonable search and seizure under § 1983. In Count VI, Dennis Torres asserts a cause of action against the Defendant Officers for conspiracy pursuant to § 1983 and § 1985. In Count VIII, Dennis Torres asserts a cause of action against the Defendant Officers for "infliction of emotional distress" pursuant to Missouri law.

Counts II, IV, VI and VIII fail to state a claim upon which relief can be granted, and these claims should be dismissed.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Although the pleading standard is liberal, the plaintiff must allege facts—not mere legal conclusions—that, if true, would support the existence of the claimed torts." *Moses.com Securities v. Comprehensive Software Systems, Inc.*, 406 F.3d. 1052, 1062 (8th Cir. 2005) citing *Schaller Tel. Co. v. Golden Sky Systems*, 298 F.3d. 736, 740 (8th Cir. 2002).

While a complaint challenged by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff must still provide the grounds for relief, and neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" will suffice. *Twombly*, 550 U.S. at 545. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice to defeat a motion to dismiss." *Iqbal*, 556 U.S. at 678 citing *Twombly*, 550 U.S. at 556.

## III. ARGUMENT

Government officials performing discretionary functions are shielded from liability for civil damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 817, 818 (1982). A court required to rule upon qualified immunity of a government official must first determine whether a favorable view of the plaintiff's alleged facts show that the official's conduct violated a constitutional right, and if it has, to determine whether the applicable constitutional standards were clearly established at the time the events took place. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). A district court has discretion to consider which part of the test to address first. *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009). Qualified immunity is "immunity from suit rather than a mere defense to liability," and its application must therefore be determined as early in the proceedings as possible. *Saucier*, 533 U.S. 194 at 200.

The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable official that his conduct was unlawful in the situation he confronted. *Saucier*, 533 U.S. at 202. This inquiry must be "undertaken in light of the specific context of the case, not as a broad general proposition" and must be "particularized" based on the facts confronting the officer. *Brosseau v. Haugen*, 543 U.S. 194 (2004); *Anderson v. Creighton*, 483 U.S. 635 (1987). Implicit in the qualified immunity analysis is the requirement that the violation must have been intentional or the result of some gross misfeasance or nonfeasance on the part of the governmental officer arising to the level of incompetence. *Anderson*, 483 U.S. at 635. Here, the Defendant Officers are entitled to qualified immunity with regard to Counts II and VI because Plaintiffs fail to allege that Defendants violated any clearly established constitutional rights of which a reasonable person would have known.

1. **COUNTS II AND VI FAIL TO STATE A CLAIM AGAINST THE DEFENDANT OFFICERS FOR CONSPIRACY UNDER 42 U.S.C. § 1985 AND § 1983.**

In Counts II and VI, Plaintiffs purport to assert a claim of conspiracy against the Defendant Officers pursuant to 42 U.S.C. § 1985 and § 1983.

In Count II, Plaintiff Gina Torres alleges that the Defendant Officers conspired "with one another and with other agents and employees of the City of St. Louis and the St. Louis Metropolitan Police Department and acted in concert by way of an agreement to inflict the wrongs and injuries upon Plaintiff's son as set forth herein." Doc. 32, ¶ 30. Gina Torres further alleges that the "agreement included taking steps to cover up the acts of excessive force" and that the Defendant Officers and "other officers and personnel of the St. Louis Metropolitan Police Department and others acted in furtherance of the objective of the conspiracy by falsely reporting the facts of the killing of Isaiah M. Hammett, and by taking other actions to prevent Plaintiff's decedent from being free from unreasonable use of force, search and seizure and gaining his liberty." *Id*. at ¶¶ 30-31. In Count VI, Plaintiff Dennis Torres makes similar allegations and also alleges that the Defendants and others "acted in furtherance of the objective of the conspiracy by falsely reporting the facts of the killing of Isaiah M. Hammett, and by taking other actions to prevent Plaintiff Dennis L. Torres from being free from unreasonable use of force, search and seizure and gaining his liberty. *Id*. at ¶ 60. Plaintiffs further allege that the conspiracy "included but was not limited to the use of excessive force, the unlawful detention and restraint of Plaintiff Dennis L. Torres, tampering with evidence, the staging of the scene after the shooting and the making of false and misleading statements after the events at issue so as to justify the shootings and to create an appearance not in accordance with the actual facts of the shooting and Isaiah M. Hammett's death. *Id*.

Plaintiffs fail to state a claim against Defendants for conspiracy under § 1985 and § 1983 for three reasons. First, their conspiracy claims are barred by the intracorporate conspiracy

doctrine. Second, they are barred by qualified immunity. Third, the allegations in Plaintiffs' Complaint fail to plausibly allege a conspiracy because their allegations are conclusory and merely state a formulaic recitation of the elements of conspiracy. *Twombly*, 550 U.S. at 570.

### a. Plaintiffs' conspiracy claims are barred by the intracorporate conspiracy doctrine.

"In order to state a claim for conspiracy under 42 U.S.C. § 1985, Plaintiffs must allege and prove four elements: (1) a conspiracy;  (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States. *United Bhd. of Carpenters & Joiners, Local 610 v. Scott*, 463 U.S. 825, 828-29 (1983) citing *Griffin v. Breckenridge*, 403 U.S. 88, 102-103 (1971).

First, Plaintiffs' conspiracy claims are barred by the intracorporate conspiracy doctrine. "Because a conspiracy by its nature involves multiple parties, the [intracorporate conspiracy doctrine] provides that 'a local government entity cannot conspire with itself through its agents acting within the scope of their employment.'" *Kelly v. Cty. of Omaha*, 813 F.3d 1070, 1078 (8th Cir. 2016) citing *L.L. Nelson Enters., Inc. v. Cty. of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012).

In *Kelly v. Cty. of Omaha* the Eighth Circuit found that the intracorporate conspiracy doctrine precluded a conspiracy claim against the City of Omaha, its chief code inspector, and other unidentified officials. *Id.* at 1078-1079. Plaintiff alleged that a code inspector's harassment and subsequent acts of retaliation by the inspector and other officials stemmed from a conspiracy to deprive her of constitutional rights. *Id.* at 1077. The Court found that since a government

5

entity cannot conspire with itself through its agents acting within the scope of their employment, the intracorporate conspiracy doctrine precluded the plaintiff's conspiracy claim against the chief code inspector and the unidentified officials. *Id*. at 1078. In so holding, the Eighth Circuit reasoned that "government agents can act within the scope of their employment duties 'even though [a] complaint alleges improprieties in the execution of these duties.'" *Id*. at 1078 citing *L.L. Nelson Enters., Inc*., 673 F.3d at 812.

Here, Plaintiffs allege that at all times relevant the City acted through its agents and employees, including the Defendant Officers, and that the Defendant Officers were acting within the course and scope of their employment as City police officers when Decedent was killed. ¶¶ 3, 44. However, the City and its agents, including the Defendant Officers, "are a single person in the eyes of the law," and therefore, the City "cannot conspire with itself to violate 42 U.S.C. § 1985." *L.L. Nelson Enters.*, 673 F.3d at 812 (citation omitted). The intracorporate conspiracy doctrine therefore bars Plaintiffs' claims in Counts II and VI against the Defendant Officers.

To the extent that Plaintiffs allege that the Defendants had a personal motivation "to help an officer of the Department and a neighbor of Plaintiffs who lived near the subject property" (Doc. 32, ¶ 12), this allegation is conclusory and is devoid of factual detail. Plaintiffs fail to allege facts sufficient to show that each of the Defendant Officers knew this officer, much less that each participated in the execution of this search warrant out of a desire to help this officer. Plaintiffs' Complaint provides no facts from which it could be reasonably be inferred that a "principal motivation" of each of the individual Defendant Officers in carrying out the execution of the search warrant was to "help" this unidentified officer and neighbor. *Id*. at ¶ 12. This Court should find that these allegations are speculation and conjecture and that Plaintiffs do not sufficiently allege that the Defendant Officers were acting outside the course and scope of their

employment. Thus, the Defendant Officers were acting within the scope of their employment, are "a single person in the eyes of the law," and cannot conspire among themselves. *L.L. Nelson Enters.*, 673 F.3d at 812.

Because the Defendant Officers cannot conspire among themselves while acting within the scope of their employment and because Plaintiffs fail to sufficiently allege that the Defendant Officers were acting outside the course and scope of their employment with the City, this Court should find that the intracorporate conspiracy doctrine bars Plaintiffs' conspiracy claims brought pursuant to 42 U.S.C. § 1985 and § 1983.

### b. Plaintiffs' conspiracy claims are barred by qualified immunity.

Second, Counts II and VI fail because Plaintiffs fail to allege facts that overcome the Defendant Officers' qualified immunity because the search warrant they executed is facially valid.

A presumption of validity exists with respect to an affidavit supporting a search warrant. See *Franks v. Delaware*, 438 U.S. 154, 171 (1978). Once a judicial officer has issued a warrant upon a finding of probable cause, that finding deserves great deference. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). "In the context of a police officer obtaining a search warrant, immunity will be lost only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable." *Walden v. Carmack*, 156 F.3d 861, 869 (8th Cir. 1998) (internal citations omitted).

To overcome the presumption of validity, Plaintiffs must show "no less than a specific affirmative showing of dishonesty by the applicant." *Myers v. Morris*, 810 F.2d 1437, 1458 (8th Cir.), cert. denied, 484 U.S. 828 (1987). Such allegations should specifically identify the portion of the warrant affidavit claimed to be false. *Id.* An attack on a warrant must be more than

7

conclusory. *Id.* at 1457–58 citing *Franks*, 438 U.S. at 171. "Mere unfounded and unsupported allegations that the warrant was not based on probable cause, but rather upon false statements, and deception are not sufficient to subject officials to the cost and burdens of trial." *Id*. at 1457 citing *Fullman v. Graddick*, 739 F.2d 553, 562 (11th Cir. 1987). "Bare allegations of misrepresentation do not suffice to undermine the presumption of validity accorded an affidavit supporting a warrant request." *Myers*, 810 F.2d at 1457 citing *Franks*, 438 U.S. at 171. Further, under the "objective legal reasonableness standard," courts are not permitted to investigate the subjective motivation of the law enforcement officer. *Walden*, 156 F.3d at 869 citing *Harlow*, 457 U.S. at 800. "A defendant's good faith or bad faith is irrelevant to the qualified immunity inquiry." *Walden*, 156 F.3d at 869 citing *Burk v. Beene*, 948 F.2d 489, 494 (8th Cir. 1991).

Here, Plaintiffs' allegation that the search warrant executed by the Defendant Officers was "invalid" is completely unsupported by factual allegations. Doc. 32, ¶ 15. Plaintiffs make the conclusory allegation that the warrant "was issued based on supporting affidavit(s) containing false information or statements made with reckless disregard for the truth." *Id*. These allegations are wholly conclusory and lack a factual basis. Plaintiffs fail to overcome the presumption of validity because they fail to plead facts showing "a specific affirmative showing of dishonesty by the applicant." *Myers*, 810 F.2d at 1458. Here, this Court should find the search warrant was facially valid, and Plaintiffs have not identified a clearly established right violated by the Defendants' execution of a valid search warrant.

Moreover, Plaintiffs fail to plead the existence of a conspiracy because the face of the Complaint shows that the Defendant Officers were acting within the scope of their employment executing a facially valid search warrant. Further, it was clearly established on June 7, 2017 that a municipality and its agents, such as police officers, "are a single person in the eyes of the law,"

and therefore a local government "cannot conspire with itself to violate 42 U.S.C. § 1985." *L.L. Nelson Enters.*, 673 F.3d at 812 (citation omitted); *Kelly*, 813 F.3d at 1078.

Thus, Plaintiffs fail to state a claim against the Defendant Officers for conspiracy under § 1983 because they fail to plausibly allege that the Defendants' conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow*, 457 U.S. at 818. To the contrary, it was clearly established on June 7, 2017 that a municipality cannot conspire with itself through its agents acting in the course and scope of their duties. See *L.L. Nelson Enters.*, 673 F.3d at 812 (citation omitted)(emphasis added); *Kelly*, 813 F.3d at 1078. Thus, with regard to Plaintiff's claim for conspiracy under 1983, Plaintiffs fail to identify a clearly established right violated by the Defendants.

Thus, since it cannot be said it was clearly established on June 7, 2017 that agents of a municipality, such as Defendant Officers, can be held liable for conspiracy under 42 U.S.C. § 1985 or § 1983 in connection with the execution of a valid search warrant, Counts II and VI fail to allege facts from which this Court could infer that Defendants violated Decedent's clearly established constitutional rights. See *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). ("[E]xisting precedent must have placed the . . . constitutional question beyond debate.").

Plaintiffs do not sufficiently allege that the Defendants violated "clearly established" constitutional rights. The Defendant Officers are entitled to qualified immunity, and Counts II and VI should be dismissed.

   c. **Plaintiffs fail to plausibly allege the existence of a conspiracy to violate Decedent's rights.**

Next, Plaintiffs fail to plausibly allege that the Defendant Officers participated in a conspiracy because their allegations lack specificity. See *White v. Walsh*, 649 F.2d 560, 561 (8th

9

Cir. 1981). "[T]here must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss." *Tracy v. SSM Cardinal Glennon Children's Hosp*., 2016 U.S. Dist. LEXIS 89993 at *26 (E.D. Mo. July 12, 2016); *see Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). "Speculation and conjecture are not enough to prove a conspiracy exists." *Mettler v. Whitledge*, 165 F.3d 1197, 1206 (8th Cir. 1999).

Here, Plaintiffs allege that the conspiracy "included taking steps to cover up the acts of excessive force" and that the Defendant Officers and others "acted in furtherance of the objective of the conspiracy by falsely reporting the facts of the killing of Isaiah Hammett, and by taking other actions to prevent Plaintiff's decedent from being free from unreasonable use of force, search and seizure and gaining his liberty." Doc. 32, ¶¶ 30- 31.

Plaintiffs' allegations in Counts II and VI are textbook "formulaic recitation[s]" of the elements of a conspiracy claim. *Twombly*, 550 U.S. at 570. Plaintiffs' Complaint is devoid of any factual detail. Significantly, Counts II and VI are devoid of any specific facts tending to show a meeting of the minds among the Defendant Officers to deprive Plaintiff of his civil rights. See *Crutcher-Sanchez v. County of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012) ("A conspiracy claim requires evidence of specific facts that show a 'meeting of the minds' among conspirators.") Moreover, Plaintiffs Complaint alleges that the Defendant Officers were acting in the course and scope of their employment (Doc. 32, ¶¶ 3, 44). As discussed above, Plaintiffs do not plausibly allege the search warrant executed by the Defendant Officers was invalid or that the Defendant Officers were acting outside of the course and scope of their employment for improper personal reasons.

Next, even assuming the truth of the allegation that the Defendant Officers took steps to "cover up the acts of excessive force" "by falsely reporting the facts of the killing of Isaiah M.

Hammett" Plaintiffs still fail to state a claim for conspiracy because they do not identify any constitutional violation that resulted from the alleged "cover up." Doc. 32, ¶¶ 30, 60. In *Abu Bakr Ladd v. Heath*, this Court rejected a plaintiff's claim that a "cover-up" conspiracy effectively denied him of his right to due process. 2014 U.S. Dist. LEXIS 283 at *11 (Mo. E.D. Jan. 2, 2014). Rejecting the plaintiff's claim, this Court ruled there is no federal constitutional right to due process in a disciplinary proceeding against a police officer. *Id*. citing *Sanders v. Hobbs*, No. 5:10CV00281 JLH/JTR, 2010 U.S. Dist. LEXIS 113464, 2010 WL 4259485, at * (E.D. Ark. Oct. 4, 2010), report and recommendation adopted by No. 5:10CV00281 JLH/JTR, 2010 U.S. Dist. LEXIS 113451, 2010 WL 4259420 (E.D. Ark. Oct. 22, 2010) (concluding that plaintiff did not have a federal statutory or constitutional right to demand an internal affairs investigation); *Porter v. Columbus*, No. C2-06-1055, 2008 U.S. Dist. LEXIS 100717, 2008 WL 5210873, at *6-7 (S.D. Ohio Dec. 12, 2008) (stating that it was "altogether unclear" how inappropriate handling of a citizen's complaint to the police department rises to the level of a constitutional tort); cf. *Morrow v. City of Oakland, No*. C 11-02351 LB, 2012 U.S. Dist. LEXIS 13507, 2012 WL 368682, at *14 (N.D. Cal. Feb. 3, 2012) (concluding that the plaintiff did not have a constitutional right to a policy-compliant investigation of his complaints or "to have his grievances about [the police department's internal affairs division] investigations heard before an impartial body" (first alteration in the original)); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) (concluding that there is no constitutional right to an investigation by government officials, including governmental refusal to investigate a crime). Therefore, even assuming the truth of the allegations in Count II and Count VI, Plaintiffs fail to identify a constitutional violation caused by the alleged "cover up." See also *Slusarchuk v. Hoff*, 346 F.3d

1178, 1183 (8th Cir. 2003) (stating that absent a constitutional violation, there is no actionable § 1985 conspiracy claim).

For these reasons, Counts II and VI fail to state a claim upon which relief may be granted.

## 2. PLAINTIFFS' STATE LAW CLAIMS AGAINST THE DEFENDANT OFFICERS (COUNTS IV AND VIII) ARE BARRED BY OFFICIAL IMMUNITY.

Under Missouri law, the doctrine of official immunity provides that "public officials acting within the scope of their authority are not liable in tort for injuries arising from their discretionary acts or omissions." *Seiner v. Drenon*, 304 F.3d 810, 813 (8th Cir. 2002). The official immunity doctrine applies to protect public officials from an action for damages arising from their discretionary acts or omissions while acting within the scope of their authority. *Southers v. City of Farmington*, *et al.*, 263 S.W.3d 603, 610 (Mo. banc 2008) (citing *Davis v. Lambert–St. Louis Int'l Airport,* 193 S.W.3d 760, 763 (Mo. banc 2006)).

A discretionary act is one that requires the exercise of reason in the adoption of means to an end and discretion in determining how or whether an act should be done or course pursued. *Southers*, 263 S.W.3d at 610 citing *Kanagawa v. State*, 685 S.W.2d 831, 836 (Mo. banc 1985). Factors to consider include the nature of the officials' duties, the extent to which the acts involve policymaking or the exercise of professional expertise and judgment and the likely consequences of withholding immunity. *Id*. Official immunity is intended to provide protection for individual government actors who, despite limited resources and imperfect information, must exercise judgment in the performance of their duties. *Davis*, 193 S.W.3d at 765. Its goal is also to permit public employees to make judgments affecting public safety and welfare without concerns about possible personal liability. *Id*.

Here, Plaintiff Gina Torres' state law claim for "wrongful death" and Plaintiff Dennis Torres' state law claim for infliction of emotional distress are premised upon the defendant

officers' discretionary decision to use force while executing a lawful search warrant. Doc. 32, ¶¶ 41-45, 68-74. The Eighth Circuit recently reiterated that police officers who decide to use force against a person are entitled to the benefit of official immunity because an officer's decision to use force in the performance of her or his duties is discretionary. *Kasiah v. Crowd Sys.*, 915 F.3d 1179, 1185-86 (8th Cir. 2019) (internal citations omitted). Official immunity applies even to intentional tort claims. *Id.* citing *Boude v. City of Raymore*, 855 F.3d 930, 935 (8th Cir. 2017). Plaintiffs do allege here that the Defendant Officers' "actions were in bad faith and constituted a conscious abuse of their powers and duties as police officers" (Doc. 32, ¶ 73), but such bare allegations of bad faith are not sufficient to satisfy the bad-faith exception to official immunity. *Stephens v. Dunne*, 453 S.W. 241, 250 (Mo. App. S.D. 2014). Plaintiffs' Complaint is devoid of any factual allegation of "a malicious motive or purpose or of conscious wrongdoing," and it therefore fails to state a claim which is not barred by official immunity. *State ex rel. Twiehaus v. Adolf*, 706 S.W.2d 443, 447 (Mo. banc 1986).

Because the Defendant Officers' use of force was discretionary as a matter of law, they are entitled to official immunity. Plaintiffs' state law claims must therefore be dismissed.

## CONCLUSION

Counts II and VI fail to plausibly allege a conspiracy, and in any event, Plaintiffs' conspiracy claims are barred by qualified immunity and/or the intracorporate conspiracy doctrine. Counts IV and VIII are barred by official immunity. Counts II, IV, VI and VIII therefore fail to state a claim against the Defendant Officers upon which relief can be granted and should be dismissed.

                                                Respectfully submitted,

                                                **JULIAN BUSH**

**CITY COUNSELOR**

By: /s/ Erin K. McGowan
    Erin K. McGowan #64020MO
    Brandon Laird #65564MO
    Andrew Wheaton #65269 MO
    1200 Market Street, Room 314
    City Hall
    St. Louis, Mo 63103
    (314) 622-3361
    (314) 622-4956 fax
    McGowanE@stlouis-mo.gov
    lairdb@stlouis-mo.gov
    wheatona@stlouis-mo.gov
    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify this **Memorandum in Support of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint** was filed electronically on this **13th** day of November 2019 with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

    /s/ Erin K. McGowan