**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| GINA TORRES, ET AL. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-1525 |
| ) | |
| CITY OF ST. LOUIS, ET AL. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |
| ) | |

**ANSWER OF DEFENDANT
TIMOTHY BOYCE TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

COMES NOW Defendant Timothy Boyce, ("Boyce"), by and through undersigned counsel, and for his Answer to Plaintiffs' First Amended Complaint (doc. 32) ("Complaint") denies everything not specifically admitted and in particular states to the Court the following:

**PARTIES**

1. Defendant is without sufficient information with which to admit or deny the allegation that Plaintiff Gina Torres is the surviving mother of Decedent Isaiah M. Hammett ("Decedent") or that she is a resident and citizen of the City of St. Louis. Defendant otherwise denies the allegations in paragraph 1.

2. Defendant is without sufficient information with which to admit or deny the allegations within paragraph 2 and therefore denies the same.

3. In response to paragraph 3, Defendant admits only that the City of St. Louis is a constitutional charter city organized pursuant to the Missouri Constitution, the laws of the State of Missouri, and the charter of the City of St. Louis and that the City of St. Louis employed Defendant Boyce on June 7, 2017. Defendant further admits that

1

Missouri law, City ordinances, and the City Charter govern the City's control of the Police. The remaining allegations in paragraph 3 state only legal conclusions to which no answer is required. To the extent an answer is required, Defendant is without sufficient information with which to admit or deny the remaining allegations within paragraph 3 and therefore denies the same.

## Jurisdiction

4. In response to paragraph 4, Defendant admits only that Plaintiffs' Complaint purports to assert claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The remaining allegations in paragraph 4 state only legal conclusions to which no answer is required. To the extent an answer is required, Defendant is without sufficient information with which to admit or deny the remaining allegations within paragraph 4 and therefore denies the same.

5. In response to paragraph 5, Defendant admits only that Plaintiffs' Complaint purports to assert claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. The remaining allegations in paragraph 5 state only legal conclusions to which no answer is required. To the extent an answer is required, Defendant is without sufficient information with which to admit or deny the remaining allegations within paragraph 5 and therefore denies the same.

6. In response to paragraph 6, Defendant admits only that Plaintiffs request supplemental jurisdiction. Defendant denies any remaining allegations in paragraph 6.

## ALLEGATIONS COMMON TO ALL COUNTS

7. In response to paragraph 7, Defendant admits only that Plaintiffs' Complaint purports to assert claims pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985. Defendant denies all remaining allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8.

9. Defendant expressly denies violating the Plaintiffs' constitutional rights. The remaining allegations in paragraph 9 constitute legal conclusions to which no response is required. To the extent an answer is required, Defendant denies all remaining allegations in paragraph 9.

10. Defendant denies all allegations in paragraph 10.

## FACTS OF THE OCCURRENCE

11. In response to paragraph 11, Defendant admits only that on June 7, 2017, City of St. Louis police officers lawfully executed a valid search warrant at a home located at 5414 S. Kingshighway. Defendant otherwise denies the allegations in paragraph 11.

12. Defendant denies all allegations in paragraph 12.

13. Defendant denies all allegations in paragraph 13.

14. In response to paragraph 14, Defendant states that on June 7, 2017, City of St. Louis police officers lawfully executed a valid search warrant at a home located at 5414 S. Kingshighway. Defendant otherwise denies the remaining allegations in paragraph 14, including all subparts.

15. Defendant denies the allegations in paragraph 15.

16. Defendant admits only that Dennis Torres and Decedent were in the home at the time of the execution of the search warrant. Defendant otherwise denies the allegations in paragraph 16.

## COUNT I

17. Defendant incorporates his responses to paragraphs 1-16 as if fully set forth in this Count.

18. Defendant denies the allegations in paragraph 18.

19. Defendant denies the allegations in paragraph 19.

20. Defendant denies the allegations in paragraph 20.

21. Defendant denies the allegations in paragraph 21.

22. Defendant denies the allegations in paragraph 22.

23. Defendant denies the allegations in paragraph 23.

24. Defendant denies the allegations in paragraph 24.

25. Defendant denies the allegations in paragraph 25.

26. Defendant denies the allegations in paragraph 26.

27. Defendant denies the allegations in paragraph 27.

28. The allegation in paragraph 28 constitutes a legal conclusion to which no answer is required. To the extent an answer is required, Defendant denies the allegations in paragraph 28.

## COUNT II

*On November 13, 2019, Defendant Boyce filed his Motion to Dismiss Count II for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). If the allegations of*

*Count II, including ¶¶ 29-32, are ever construed to state a claim against this Defendant, Defendant denies the allegations in paragraphs ¶¶ 29-32.*

### COUNT III

*The allegations in Count III are directed to the City of St. Louis and are not directed to this Defendant. If the allegations of Count III, including ¶¶ 33-40 are ever construed to state a claim against this Defendant, Defendant denies the allegations in ¶¶ 33-40.*

### COUNT IV

*On November 13, 2019, Defendant Boyce filed his Motion to Dismiss Count IV for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). If the allegations of Count IV, including ¶¶ 41-45, are ever construed to state a claim against this Defendant, Defendant denies the allegations in paragraphs ¶¶ 41-45.*

### COUNT V

46. Defendant incorporates his responses to paragraphs 1-45 as if fully set forth in this Count.
47. Defendant denies the allegations in paragraph 47.
48. Defendant denies the allegations in paragraph 48.
49. Defendant denies the allegations in paragraph 49.
50. Defendant denies the allegations in paragraph 50.
51. Defendant denies the allegations in paragraph 51.
52. Defendant denies the allegations in paragraph 52.
53. Defendant denies the allegations in paragraph 53.
54. Defendant denies the allegations in paragraph 54.
55. Defendant denies the allegations in paragraph 55.

56. Defendant denies the allegations in paragraph 56.

57. The allegation in paragraph 57 constitutes a legal conclusion. To the extent an answer is required, Defendant denies the allegations in paragraph 57.

## COUNT VI

*On November 13, 2019, Defendant Boyce filed his Motion to Dismiss Count VI for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). If the allegations of Count VI, including ¶¶ 58-61, are ever construed to state a claim against this Defendant, Defendant denies the allegations in paragraphs ¶¶ 58-61.*

## COUNT VII

*The allegations in Count VII are directed to the City of St. Louis and are not directed to this Defendant. If the allegations of Count VII, including ¶¶ 62-67 are ever construed to state a claim against this Defendant, Defendant denies the allegations in ¶¶ 62-67.*

## COUNT VIII

*On November 13, 2019, Defendant Boyce filed his Motion to Dismiss Count VIII for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). If the allegations of Count VIII, including ¶¶ 68-74 are ever construed to state a claim against this Defendant, Defendant denies the allegations in paragraphs ¶¶ 68-74.*

## **AFFIRMATIVE DEFENSES**

For further answer and defense, Defendant Boyce affirmatively defends based on the following:

1. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' Complaint is barred by the doctrine of qualified immunity because Defendant's conduct did not violate the clearly established statutory or constitutional rights of Plaintiffs' Decedent.

3. Defendant further states that Plaintiffs' state law claims are barred by reason of official immunity and public duty doctrines.

4. Defendant asserts each of the provisions of §§ 537.600, 537.610 and 537.615 RSMo.

5. For further answer and defense, Defendant states that any injury sustained by Decedent was the direct and proximate result of Decedent's own conduct.

6. Plaintiffs' state law claims are barred by the applicable statue of limitations.

7. Plaintiffs' claims are barred by the doctrines of collateral estoppel and res judicata.

8. Defendant hereby reserves the right to assert any affirmative defense to Plaintiffs' Complaint that may arise pursuant to discovery and throughout the course of litigation of Plaintiffs' claims.

WHEREFORE, having fully answered Plaintiffs' Complaint, Defendant Boyce prays:

1. That Plaintiffs take nothing by this Complaint;

2. That each of the claims asserted in Plaintiffs' Complaint be dismissed with prejudice;

3. For costs of suit herein, including reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**JULIAN BUSH
CITY COUNSELOR**

By: */s/ Brandon Laird*
Brandon Laird #65564MO
Erin K. McGowan #64020MO
Andrew Wheaton #65269 MO
1200 Market Street, Room 314
City Hall
St. Louis, Mo  63103
(314) 622-3361
(314) 622-4956 fax
lairdb@stlouis-mo.gov
McGowanE@stlouis-mo.gov
wheatona@stlouis-mo.gov
*Attorneys for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify this **Answer** was filed electronically on this 13th day of November 2019 with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

/s/ Brandon Laird

8