IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GINA TORRES, ET AL. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:19-CV-1525-DDN |
| | ) | |
| CITY OF ST. LOUIS, ET AL. | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION
TO DEFENDANT OFFICERS MOTION TO DISMISS
COUNTS II, IV, VI, VIII FOR FAILUTE TO STATE A CLAIM**

COME NOW Plaintiffs and for Plaintiffs' Memorandum in Opposition to Defendant Officers' Motion to Dismiss Counts II, IV, VI and VIII for Failure to State and Claim, state as follows:

**I.  LEGAL STANDARD.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). The Supreme Court defines a "plausible" claim as one where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining whether a complaint states a plausible claim for relief will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id.* A district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the

1

nonmoving party. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004). Federal courts "are enjoined to view civil right pleadings liberally." *Williams v. Town of Okoboji*, 606 F.2d 812, 814 (8th Cir. 1979).

## II. COUNTS II AND VI STATE A CLAIM AGAINST THE DEFENDANT OFFICERS FOR CONSPIRACY UNDER 42 U.S.C. § 1983 AND § 1985.

Pursuant to Eighth Circuit precedent, where parties conspire to deprive a plaintiff of their constitutional rights, "each is jointly liable for his or her co-conspirators' acts in furtherance of the conspiracy." *Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. Neb. 2012).

To establish a conspiracy under 42 U.S.C. § 1985, plaintiffs must prove: (1) a conspiracy; (2) 'for the purpose of depriving, either directly or indirectly, any person or class of persons of equal protection of the laws, or equal privileges and immunities under the laws,' (3) that **one or more** of the conspirators **did, or caused to be done, 'any act in furtherance** of the object of the conspiracy,' and (4) that another person was 'injured in his person or property or deprived of having and exercising any right or privilege of a citizen of the United States.'" *Noble v. American National Property & Casualty Insurance Co.*, 297 F.Supp.3d 998, 1005–06 (D.S.D., 2018), citing *Larson by Larson v. Miller*, 76 F.3d 1446, 1454 (8th Cir. 1996). [Emphasis supplied.] To establish a 42 U.S.C. § 1983 claim, a plaintiff must show: (1) that the defendant **conspired** with others to deprive him of constitutional rights; (2) that at least one of the alleged coconspirators engaged in an overt act in furtherance of the conspiracy; and (3) that the overt act injured the plaintiff. *Askew v. Millerd*, 191 F.3d 953, 957 (8th Cir. 1999). Evidence of an agreement to deprive a plaintiff of constitutionally guaranteed rights **typically is circumstantial**. *Livers v. Schenck*, 700 F.3d 340, 361 (8th Cir. Neb. 2012). [Emphasis supplied.] Furthermore, Plaintiffs are not required to name all members of the conspiracy as individual defendants in the

suit in order to state a cause of action for conspiracy. *See Busbice v. Reiss*, 2014 WL 12591670, at *2 (C.D. Cal. 2014).

> A. **COUNTS II AND VI SHOULD NOT BE DISMISSED UNDER THE INTRACORPORATE CONSPIRACY DOCTRINE.**

Defendants' Motion to Dismiss contends that Plaintiffs' claim for conspiracy in Counts II and VI is barred by the "intracorporate conspiracy" doctrine. The Defendant Officers' Motion to Dismiss relies heavily on *Kelly v. Cty. of Omaha*, 813 F.3d 1070, 1078 (8th Cir. 2016) for the proposition that any Section 1985 conspiracy claim against police officers is barred under the intracorporate conspiracy doctrine. *Kelly* involved a very distinguishable civil rights claim arising from a housing case against a municipality and its code inspectors. In *Kelly* both the municipality and its employees were defendants. There the Court stated in dicta, after holding that the plaintiff had failed to plead an actionable conspiracy, that additionally the "City could not conspire with itself through its agents" acting in the course and scope of their employment and therefore the intracorporate conspiracy would have also barred the conspiracy claim. *Id*. at 1079.

Importantly, the intracorporate conspiracy doctrine has been specifically rejected in the context of civil rights conspiracy claims against police officers related to the use of excessive force. In fact, the Honorable Audrey G. Fleissig of this Court recently rejected the application of the intracorporate conspiracy doctrine under *Kelly* to a claim of conspiracy against officers relating to an excessive force claim. *See Morgan-Tyra et al. v. City of St. Louis et al*, Case No. 4:18-CV-01799-AGF (October 30, 2019). In *Morgan-Tyra* Judge Fleissig held as follows:

> The City argues that the civil conspiracy claim should be dismissed as barred by the intracorporate conspiracy doctrine. The intracorporate conspiracy doctrine provides that "a local government entity cannot conspire with itself through its agents acting within the

3

> scope of their employment." *Kelly*, 813 F.3d at 1078 (quoting *L.L. Nelson Enters., Inc. v. County of St. Louis, Mo.*, 673 F.3d 799, 812 (8th Cir. 2012)).
>
> **The Eighth Circuit has not addressed whether the doctrine applies to conspiracies involving underlying claims of excessive force or unreasonable seizure under § 1983, and the judges of this District have declined to apply the intracorporate conspiracy doctrine to such claims**, at least at the pleading stage. *See, e.g.*, *Newbold v. City of Saint Louis, Missouri*, No. 4:18CV1572 HEA, 2019 WL 3220405, at *6 (E.D. Mo. July 16, 2019) (collecting cases); *see also Golden v. Moutray*, No. 4:17 CV 284 DDN, 2018 WL 1784395, at *4 (E.D. Mo. Apr. 13, 2018) ("Some courts have held that the intracorporate conspiracy doctrine does not **protect conspiracies to commit excessive force under Section 1983[,] . . . reason[ing] that the intracorporate conspiracy doctrine was created to shield corporations and their employees from conspiracy liability for routine, collaborative business decisions that are later alleged to be discriminatory, and police misconduct does not fit that mold** . . . .") (cleaned up and citations omitted). Here, too, **the Court finds that it is inappropriate to apply the intracorporate conspiracy doctrine** at this stage. Therefore, the Court will deny Defendants' motion to dismiss Count III.
>
> *Id*. at 15-16. [Emphasis supplied]

Judge Fleissig's analysis is directly on point and the Officers' Motion to Dismiss Counts II and VI on the basis of the "intracorporate conspiracy doctrine" should be denied for the same reasons.

Furthermore, *Kelly* is also distinguishable because the City here is not a defendant in Counts II and VI and there is no allegation of the officers conspiring with the City itself. *See Garza v. City of Omaha*, 814 F.2d 553, 556 (8th 1987) (Permitting conspiracy claim under Sec. 1985 where "Several of the City's officials and officers were named as defendants both in their official and individual capacities. Moreover, the jury selectively found only two of the individual officers of the Parks and Recreation Department, Heston and Kauffeld, liable for conspiracy to deprive Garza of his federally protected rights.")

Finally, a well-established exception to the intracorporate conspiracy doctrine exists if any members of the conspiracy are motivated by "**personal reasons**." *See Carhart v. Smith*, 178 F. Supp. 2d 1048, 1066 (D. Neb. 2001) (Intracorporate conspiracy defense did not apply where

4

one of the conspirators was acting "in part for personal reasons associated with his re-election campaign.") Here Plaintiff has alleged specific personal motivations of members of the conspiracy which were beyond the regular course and scope of the officers' employment with the City of St. Louis, including that the officers acted in an "improper effort to help an officer of the Department and a neighbor of Plaintiffs who lived near the subject property, and who had a history of disputes with Decedent." *See Doc. 32, Amended Complaint, paras. 12-13*.

### B. PLAINTIFFS' CONSPIRACY CLAIMS ARE NOT BARRED BY QUALIFIED IMMUNITY.

The affirmative defense of qualified immunity, asserted in Defendants' Motion to Dismiss, involves a two-step inquiry: (1) whether the facts shown by the plaintiff make out a violation of a constitutional or statutory right (in this context, whether excessive force was used by Defendant Nikolov), and (2) whether that right was clearly established at the time of the defendant's alleged misconduct. *See Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009).

The Fourth Amendment right to be free from unreasonable seizure protects against the use of excessive force in the apprehension or detention of a person. *Ward v. Olson*, 939 F. Supp. 2d 956, 961 (D. Minn. 2013). To establish a constitutional violation under the Fourth Amendment in an excessive force case, the question is whether the amount of force used was objectively reasonable under the particular circumstances. *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). "The relevant, dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 499. The test is an objective one, and an officer's good intentions will not make an objectively unreasonable use of force constitutional. *See Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872 (U.S. 1989).

Courts have also noted that the severity of the injury the plaintiff suffered is also relevant to the existence of a constitutional violation. *See Crumley v. City of St. Paul,* 324 F.3d 1003, 1007 (8th Cir. 2003) ("In addition to the circumstances surrounding the use of force, we may also consider the result of the force"); *Dormu v. D.C.,* 795 F. Supp. 2d 7, 22 (D.D.C. 2011) (stating in an excessive force case that, although the severity of injury "is not by itself the basis for deciding whether the force used was excessive, ... it is a relevant factor"). Here Plaintiffs have pleaded that the officers discharged their weapons approximately 93 times and shot Plaintiff's decedent 24 times. *Amended Complaint, para. 11*. Furthermore, an officer is not entitled to qualified immunity with regard to the execution of a search warrant where their conduct in executing the warrant is not objectively reasonable. *See Walden v. Carmack*, 156 F.3d 861, 873 (8th Cir. 1998).

The Eighth Circuit takes "a broad view of what constitutes 'clearly established' under the qualified immunity analysis" and "**the balance favors the plaintiff when the test is based solely on the allegations in the complaint**." *Whisman Through Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. (Mo.) 1997). "A right is 'clearly established' when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Whisman,* 119 F.3d at 1309. The Eighth Circuit has held that "In determining whether the legal right at issue is clearly established, this circuit applies a flexible standard, requiring some, but not precise factual correspondence with precedent, and demanding that officials apply general, well-developed legal principles." *Whisman*, 119 F.3d at 1309, citing *J.H.H. v. O'Hara,* 878 F.2d 240, 243 (8th Cir. 1989). Qualified immunity will only apply where an official's "conduct was objectively legally reasonable in light of the information they possessed at the time of the alleged violation." *James ex rel. James v. Friend*, 458 F.3d 726, 730 (8th Cir.

2006). The Eighth Circuit has further held that "**qualified immunity is an affirmative defense, which will be upheld on a 12(b)(6) motion only when the immunity is established on the face of the complaint**." *Whisman,* 119 F.3d at 1309. This is why qualified immunity is usually raised by a motion for summary judgment after discovery has been conducted. *See Id*.

Defendants argue that "this Court should find the search warrant was facially valid, and Plaintiffs have not identified a clearly established right violated by the Defendants' execution of a valid search warrant" and further that "Plaintiffs fail to plead the existence of a conspiracy because the face of the Complaint shows that the Defendant Officers were acting within the scope of their employment executing a facially valid search warrant."

First, it is simply not true that Plaintiffs have failed to plead substantial reasons for questioning the validity of the search warrant. *See Am. Complaint, para. 15*. Moreover, Defendants' reliance on the purported facial validity of the search warrant is immaterial in regards to Plaintiffs' claims in this action that the Defendants had a conspiracy to use excessive force and to subsequently cover up that use of excessive force. *See Doc. 32, Am. Complaint, para. 31* ("The conspiracy included but was not limited to the use of excessive force, and the making of false and misleading statements after the events at issue so as to justify the shootings and to create an appearance not in accordance with the actual facts of the shooting and Plaintiff's decedent's death.") Defendants' motion simply fails to address the actual constitutional violations encompassed by the alleged conspiracy.[1] These are independent violations of

---

[1] Again, limited discovery to date has also disclosed that the camera that allegedly "compromised" the officers and was used to go from a "knock and announce" entry to a "no knock," and to justify the excessive levels of force used in the execution of the warrant, would have been clearly known to the Officers based on prior surveillance described in the search warrant affidavit. This use of force in executing the warrant includes the "no knock" breach of the front door, discharge of the flash bang, firing of their weapons approximately 93 times, and shooting Plaintiff's decedent 24 times, all as alleged in the Amended Complaint.

constitutional rights which are not predicated on the facial validity of the search warrant. "Possession of a search warrant does not give the executing officers carte blanche as to its execution." *Walden v. Carmack*, 156 F.3d 861, 873 (8th Cir. 1998). "The 'when' and 'how' of otherwise legitimate law enforcement actions may always render such actions unreasonable." *Id.*

Defendants further argue that "since it cannot be said it was clearly established on June 7, 2017 that agents of a municipality, such as Defendant Officers, can be held liable for conspiracy under 42 U.S.C. § 1985 or § 1983 in connection with the execution of a valid search warrant, Counts II and VI fail to allege facts from which this Court could infer that Defendants violated Decedent's clearly established constitutional rights."

Again, Defendants focus on the search warrant while ignoring that the pleaded goal of the conspiracy related to the execution of that search warrant and subsequent efforts to conceal the officers' excessive force, all in violation of clearly-established rights. It is clearly established that police officers have no right to conspire to violate constitutional rights. *See Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012). There is a clearly established right to be free from the use of excessive and unreasonable force, and in particular the use of lethal force where a subject does not pose a significant threat of death or serious physical injury to the officers or others. *See Wallace v. Gibson*, 2008 WL 11426813, at *5 (W.D.Mo. 2008). Here, defendants have not even brought a motion to dismiss on qualified immunity grounds as to Count I for excessive force. Furthermore, there is also a clearly-established right to be free from the manufacture of false evidence by police officers. *See Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. 2012).

Plaintiffs have sufficiently alleged a conspiracy to violate their clearly established constitutional rights, and therefore Defendant Officers are not entitled to qualified immunity on the face of the pleadings as to Plaintiffs' conspiracy claims.

## C. PLAINTIFFS HAVE PLAUSIBLY ALLEGED THE EXISTENCE OF A CONSPIRACY TO VIOLATE DECEDENT AND PLAINTIFF DENNIS TORRES' RIGHTS.

Defendants contend that Plaintiffs have not alleged sufficient facts to establish a "plausible" claim for conspiracy. "*Iqbal* and *Twombly* did not abrogate the notice pleading standard of Rule 8(a)(2)," and plaintiffs are not required to plead every fact they intend to prove. *See Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. (Mo.) 2010). Furthermore, in evaluating this contention, Plaintiffs are entitled both the allegations contained in the complaint, assumed as true, and all reasonable inferences from the complaint must be drawn in favor of Plaintiffs. *See Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004).

Defendants attempt to confuse the issue by relying on several cases relating to the evidence required to *prove* a conspiracy, which is germane to the Court's analysis as only very limited discovery has been done. For example, Defendants rely on *Crutcher-Sanchez v. County of Dakota*, 687 F.3d 979, 987 (8th Cir. 2012) and *Mettler v. Whitledge*, 165 F.3d 1197 (8th Cir. 1999), however these cases relate to summary judgment proceedings, and therefore have nothing to do with the pleading requirements for a conspiracy claim.

Furthermore, Defendant Officers' argument is simply off base. Plaintiffs have alleged the specific motivation behind the conspiracy, namely that the Defendant Officers and other officers of the Department were motivated in targeting Plaintiff's decedent and in the use of excessive force against him as part of an improper effort to help an officer of the Department and a neighbor of Plaintiffs who lived near the subject property, and who had a history of disputes with Decedent. *See Am. Complaint, para. 12*. The Defendant Officers deliberately targeted Isaiah M. Hammett and employed unreasonable and excessive force against decedent and Plaintiff Dennis L. Torres due, at least in part, to these improper personal motivations. *Id. at 13*.

Plaintiffs have also pleaded that Defendant Officers and other officers and personnel of the St. Louis Metropolitan Police Department and others acted in furtherance of the objective of the conspiracy by falsely reporting the facts of the killing of Isaiah M. Hammett, and by taking other actions to prevent Plaintiff's decedent from being free from unreasonable use of force, search and seizure and gaining his liberty. The conspiracy included but was not limited to the use of excessive force, and the making of false and misleading statements after the events at issue so as to justify the shootings and to create an appearance not in accordance with the actual facts of the shooting and Plaintiff's decedent's death. *Id. at 31*.

Plaintiffs have also alleged numerous facts supporting the existence of a conspiracy. Plaintiffs have alleged that substantial evidence exists showing that the Defendant Officers intentionally or recklessly used excessive, lethal force on decedent and then concealed and altered evidence of their actions by staging the scene and filing false police reports. *Am. Complaint, para. 14.* While purportedly executing a "search warrant" the Defendant Officers were focused on Isaiah M. Hammett personally as the "target" of the raid. *Id*. Evidence disclosed by Defendants from the scene and otherwise disproves the narrative provided by the Defendant Officers in the police report. *Id*. Audio evidence and other evidence shows that the Defendant Officers failed to adequately or properly announce their presence prior to entering the premises or deploying the "flash bang" device. *Id.* Defendant Officers and other officers misrepresented or falsified information relating to the pre-raid investigation of Isaiah M. Hammett for the purpose of excusing the use of excessive force against him. *Id.* Evidence demonstrates that officers staged the scene after the shooting to support the narrative presented by the Defendant Officers. *Id.* Forensic evidence demonstrates that Isaiah M. Hammett did not use the firearm as described in

the Police Report and directly contradicts the narrative presented by the Defendant Officers.[2] *Id.* The Police Report fails to identify the location of recovery of the Decedent's firearm, and the evidence demonstrates that the weapon was moved and then planted under the Decedent. *Id.* Officers failed to make a complete and accurate inventory of the property removed from the scene, removed evidence from the scene and failed to account for highly material evidence. *Id.* Officers failed to preserve evidence which would have shown which firearms were discharged during the incident, including shell casing evidence. *Id.* Officer(s) of the Department were present at the scene but their presence was intentionally omitted from Police Reports. *Id.* At least some of the bullets which struck Isaiah M. Hammett were fired after he was already incapacitated and on the ground. *Id.* Clearly Plaintiffs have alleged far more than "mere legal conclusions."[3]

Defendant Officers also allege that decedent and Plaintiffs had no constitutional right to an internal affairs investigation and therefore were not harmed by any cover up. First, Plaintiffs have alleged a conspiracy to use excessive force in violation of the rights of Plaintiffs' decedent as well as Plaintiff Dennis Torres. *See Counts I and V*. Defendant Officers' motion does not even challenge these Counts, and Defendants' "no right to an investigation" argument has no bearing on these conspiracy claims. Furthermore, Plaintiffs have not alleged the "failure to perform an investigation" claim, but instead the affirmative manufacture of false evidence. *See Livers v. Schenck*, 700 F.3d 340, 360 (8th Cir. Neb. 2012). This clearly constitutes a violation of well-established constitutional rights.

---

[2] Several Officer Defendants have now testified that Isaiah Hammett did not fire a single shot at them while they were shooting him 24 times and he was "crumpling" to the floor.

[3] Again, as described above, the claim of the officers during deposition that they acted as they did because they were "compromised" by a video camera on the house is further evidence of a conspiracy, as the camera would have been open and obvious to the extensive surveillance performed before the execution of the search warrant as described in the search warrant affidavit.

## III.   PLAINTIFFS' STATE LAW CLAIMS AGAINST THE DEFENDANT OFFICERS (COUNTS IV AND VIII) ARE NOT BARRED BY OFFICIAL IMMUNITY.

Defendant Officers allege that Plaintiff's state law claims are barred by the affirmative defense of official immunity. Official immunity is a qualified immunity and **does not apply to those discretionary acts done in bad faith or with malice**. *Davis v. Board of Educ. of City of St. Louis,* 963 S.W.2d 679, 689 (Mo.App. E.D. 1998); *Teasley v. Forler*, 548 F. Supp. 2d 694, 711 (E.D. Mo. 2008). [Emphasis supplied.] A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be **contrary to his duty and which he intends to be prejudicial or injurious to another**. *Shell v. Ebker,* 2006 WL 1026982, *11 (E.D.Mo. 2006). [Emphasis supplied.] An act is wanton when it is done of wicked purpose, or when done needlessly, **manifesting a reckless indifference to the rights of others**. *Id. See also Williamson v. Steele*, No. 4:12-CV-1548 CAS, 2015 WL 3620607, at *11 (E.D. Mo. June 9, 2015) (Denying correctional officers' motion for summary judgment based on official immunity where disputed question of fact existed as to whether officers acted maliciously). [Emphasis supplied.]

Where the plaintiffs' allegations encompass a **"conscious abuse of official duty and power"** which could fall within the scope of malice or bad faith, whether official immunity applies is a question of fact which must be considered by the jury. *Id*. [Emphasis supplied.] Missouri courts have also held that "**The official immunity defense can also be overcome by showing conscious wrongdoing**." *Blue v. Harrah's N. Kansas City, LLC*, 170 S.W.3d 466, 479 (Mo.App. 2005).

In *Teasley v. Forler*, 548 F. Supp. 2d 694 (E.D. Mo. 2008), an officer was in pursuit of a speeding truck which then pulled into a subdivision and "blacked out," turning off its engine and lights. *See Id*. at 699. The officer pulled his patrol car behind the truck, exited it, and walked

between the two vehicles, giving verbal instructions to the occupants of the vehicle to show their hands. *Id*. The officer testified that the vehicle "lunged" back towards him, and the officer fired two shots. *Id*. The officer moved out of the way and the truck struck his patrol car. *Id*. Two of the car's six occupants were killed by the officer. *See Id*. As here, the officer asserted official immunity under Missouri law based on his "discretionary" actions. *See Id*. at 710. The court denied the officer's motion for summary judgment, finding that "a reasonable jury could infer from the evidence that Forler acted with malice or bad faith because firing two shots into the back of a truck was **contrary to his duty and intended to harm the occupants**." *Id*. *See also Moore v. City of Ferguson, Missouri*, 213 F.Supp.3d 1138, 1149 (E.D.Mo., 2016) (Denying motion for summary judgment based on official immunity under Missouri law **where question of fact existed as to whether officer acted with reckless indifference to rights of decedent** when decedent died after being tased).

The Defendant Officers concede that Plaintiffs have alleged that their actions were done in bad faith and constituted a conscious abuse of their powers and duties as police officers. However, Defendants then remarkably contend that this is a bare legal conclusion because "Plaintiffs' Complaint is devoid of any factual allegation of "a malicious motive or purpose or of conscious wrongdoing[.]" *Memo. in Supp. at 13*. As noted above, even in light of *Iqbal* and *Twombly*, federal courts require only "notice" pleading and Plaintiffs are not required to plead every fact in support of their claims. *See Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. (Mo.) 2010).

As demonstrated by *Forler* and *Moore, supra*, and numerous similar cases, a use of excessive force in conscious disregard of an officer's duty or in reckless disregard of a subject's rights itself is sufficient to establish "conscious wrongdoing" sufficient to negate an official

immunity defense. Furthermore, Defendant Officers simply choose to ignore Plaintiffs' actual allegations set forth throughout the Amended Complaint, which go far beyond what Defendants acknowledge. As discussed above, these allegations include a conspiracy to use excessive force and to cover up that use of excessive force, at least in part for improper personal motivations unrelated to the Defendant Officers' official duties. These actions on their face are contrary to the officers' duties and intended to harm decedent and Plaintiffs.

WHEREFORE Plaintiffs respectfully request that the Court enter its Order denying Defendants' Motion to Dismiss and for any other relief the Court deems just and appropriate, the premises considered.

Respectfully submitted,

DOWD & DOWD, P.C.

By:   /s/ Richard K. Dowd
       Richard K. Dowd (33383)
       Alex R. Lumaghi (56569)
       211 N. Broadway, Suite 4050
       St. Louis, MO 63102
       (314) 621-2500
       (314) 621-2503 Facsimile
       rdowd@dowdlaw.net
       alex@dowdlaw.net

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the above motion was electronically filed this 9th day of December, 2019 and a copy was served by the Court's electronic delivery system on all attorneys of record.

/s/ Richard K. Dowd