# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| GINA TORRES *et al.*, | ) |
| | ) |
| Plaintiffs, | )　　Case No. 4:19-cv-1525-DDN |
| | ) |
| v. | ) |
| | ) |
| CITY OF ST. LOUIS *et al.*, | ) |
| | ) |
| Defendants. | ) |

## PROTECTIVE ORDER

To protect personal, confidential, sensitive, and private information of the parties, their former and current employees and agents, and the victims and suspects in unrelated criminal matters, the parties hereby agree that this Protective Order shall govern the disclosure of all information during the course of this matter (the "Litigation") as follows:

1. Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, other responses to requests for information and/or other written information, whether produced voluntarily or involuntarily, either in response to discovery requests or to subpoena in the Litigation by any party or non-party (hereafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" under this Protective Order where the information satisfies the definition of "Confidential Information" as contained herein.

2. "Confidential Information" shall mean any Discovery Materials, not previously disclosed or obtained, which contains officers and witnesses' business or home addresses or telephone numbers, Identities of officers' or witnesses' family members, Social Security Numbers, medical, psychological records and/or personal financial information (although not the

1

financial information of the City of St. Louis), as well as material that, if publicly released, could compromise any criminal prosecution related to the incident at issue in this case or that could compromise the safety of any person.

3. Any Discovery Materials that are to be designated "Confidential": (a) may be so designated by the producing party or non-party by providing copies of the Discovery Materials stamped with the legend "CONFIDENTIAL" (notwithstanding any typographical settings); or (b) by Order of the Court on motion of any party or non-party.

4. Inadvertent production of or failure to designate any information as "Confidential" shall not be deemed a waiver of the producing party's or non-party's claim of confidentiality as to such information, and the producing party or non-party may thereafter designate such information as "Confidential" as appropriate. The receiving party must treat such information as "Confidential" from the date designation is received. Disclosure, prior to the receipt of designation, of such information to persons not authorized to receive "Confidential" information shall not be deemed a violation of this Order. However, after receipt of designation, the receiving party must immediately take reasonable steps to retrieve all information that is "Confidential" that is in the possession or control of persons not authorized to receive "Confidential" Information.

5. To the extent that any party believes that confidential information has been disclosed in deposition testimony, that party shall designate said testimony by page and line number and provide notice of said designation within 30 days of receipt of the transcript thereof. Otherwise any such designation shall be waived.

6. "Confidential" information shall be used solely for the purposes of this Litigation between these parties and for no other purpose. "Confidential" information obtained per

discovery in this case shall not be used in any other litigation, arbitration, mediation, or other proceeding of any type. However, any case which has been combined with this Litigation for purposes of discovery, or any arbitration compelled as to any claim in this action, shall not be considered a separate action such that the use of "Confidential" information is precluded in such action.

7. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness, of documents, material, or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material, or information are also obtained through discovery proceedings in this action.

8. "Confidential" information may be disclosed only to the following persons:

a. The Court and court personnel;

b. Individuals providing court reporting services, copying services or other clerical support that are engaged by the parties or the Court for purposes of this Litigation;

c. The lawyers of record for a party, including paralegals, legal staff, and other attorneys working with or on behalf of a party;

d. Consultants and experts and the principals and employees of those consultants and experts that assist the expert or consultant with his or her work in this Litigation;

e. The named parties to the action; and

f. Any witness(es) who may be deposed during this action, during their depositions, provided that such witness(es) are first advised of their confidentiality obligations under this protective order.

9. In addition to the categories of individuals set forth in Paragraph 8 above, "Confidential" information may be disclosed to an employee or agent of the party or non-party

producing such "Confidential" information, so long as the party or non-party producing the "Confidential" information has authorized its agent or employee to receive such information.

10. "Confidential" information shall not be copied or reproduced except to the extent such copying or reproduction is reasonably necessary to the conduct of this Litigation. All such copies or reproductions shall be subject to the terms of this Order. If the duplicating process by which copies of "Confidential" information are made does not reproduce the "CONFIDENTIAL" stamp appearing on the original, all copies shall be stamped with a "CONFIDENTIAL" designation. All copies of "Confidential" information shall be kept under the control of person(s) described in paragraph 8(a) through (f) above to whom the same is produced. As soon as is permitted by Missouri Supreme Court Rule 4-1.22 or as soon as is otherwise permitted by law, anyone possessing "Confidential" information shall make all reasonable efforts to destroy all documents, images or other media containing "Confidential" information, and all duplicates thereof.

11. No information obtained under this Order shall be added to any electronic database for any other purpose than the manipulation of data for this action; however, all information obtained or derived therefrom shall be eliminated from the database as soon as is permitted by Missouri Supreme Court Rule 4-1.22 or as soon as is otherwise permitted by law.

12. Persons described in Paragraph 8(c) shall be deemed bound by the terms of this Order upon its entry by the Court. With regard to Paragraph 8(c), if more than one law firm, entity, or solo practitioner appears in this case as counsel for a party, each such law firm, entity, or solo practitioner shall execute this Protective Order or an addendum stating that they agree to be bound by the terms of this Protective Order. Only those outside counsel who have executed

this Protective Order or an addendum agreeing to be bound by this Protective Order may receive "Confidential" information.

13. A party disclosing "Confidential" information to an expert or consultant described in paragraph 8(d) must first (i) advise the recipient such information is "Confidential" information and may only be used in connection with this action; and (ii) provide the recipient with a copy of this Order.

14. Counsel for a party may disclose "Confidential" information to an actual or potential witness not otherwise identified above, provided counsel has obtained consent of the party or non-party who produced such information. However, this consent is not required if (i) the person is an author or recipient of the "Confidential" information as identified on the face of the document; or (ii) the person is a former employee of the producing party or non-party and is known with certainty to have prior knowledge by virtue of employment with the producing party or non-party of the specific "Confidential" information to be disclosed.

15. If the receiving party disagrees with the designation by the producing party or non-party of any Discovery Materials as "Confidential" information, then the parties to the dispute will attempt to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as "Confidential" information pending resolution of the parties' dispute. If the dispute cannot be resolved informally, the producing party or non-party bears the burden of persuading the Court that the information is in fact "Confidential" information and is entitled to the protections associated therewith consistent with the intent of this Order.

16. If it becomes necessary to file Discovery Materials that contain "Confidential" information with the Court, the party seeking to file those Materials shall move the Court for an

order that the Materials be received and maintained by the Clerk under seal pursuant to E.D.Mo. L.R. 13.05.

17. Entering into, agreeing to, and/or complying with the terms of this Order shall not:

a. operate as an admission by any party that any particular documents or material contain private, medical, sensitive, and/or personal information; or

b. prejudice in any way the right of a party at any time:

i. to seek a determination by the Court of whether a particular document or piece of information should be subject to the terms of this Order;

ii. to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document or piece of information;

iii. to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information; or

iv. to seek documents or other information from any source.

18. The parties' agreement to this Order does not constitute a waiver of any claim of attorney-client privilege, attorney work-product protection, or common interest privilege that might exist with respect to those documents produced or any other documents or communications, written or oral, including, without limitation, other communications referred to in any documents that may be produced.

19. The parties shall return any privileged material inadvertently disclosed immediately upon notice of the disclosure.

20. This Order shall not affect the right of any party or non-party to oppose production of Discovery Materials on any ground permitted by the Federal Rules of Civil

Procedure, including any applicable privilege. Moreover, this Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

21. Nothing in this Order shall prejudice the right of any party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Materials or to seek modifications of or relief from any provision of this Order upon due notice to all other parties and affected non-parties.

Stipulated:

| DOWD & DOWD, P.C. | JULIAN BUSH<br>CITY COUNSELOR |
|---|---|
| /s/ Richard K. Dowd<br>RICHARD K. DOWD<br>Attorney for Plaintiff<br>211 North Broadway, Suite 4050<br>St. Louis, Missouri  63102<br>(314) 621-2500<br>rdowd@dowdlaw.net | By: /s/ Andrew D. Wheaton<br>ANDREW D. WHEATON<br>Associate City Counselor<br>City Hall, Room 314,<br>St. Louis, MO 63103 314.622.3361<br>FAX: 314.622.4956<br>wheatona@stlouis-mo.gov |
| *Attorneys for Plaintiffs* | *Attorney for Defendants* |

It is SO ORDERED.

    **/s/  David D. Noce**

Judge

  **July 14, 2020**

Date