IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINA TORRES and DENNIS L. TORRES, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CITY OF ST. LOUIS, LANCE COATS, ) <br> GLENNON P. FRIGERIO, JOSHUA D. ) <br> BECHERER, NICHOLAS J. MANASCO, ) <br> RONALD ALLEN JR., JOHN C. JONES, ) <br> MARK S. SEPER, JON B. LONG, ) <br> TIMOTHY BOYCE, and BENJAMIN R. ) <br> LACY ) <br> ) <br> Defendants. ) | Case No. 4:19-cv-01525-DDN |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO TAKE ADDITIONAL DEPOSITIONS PURSUANT TO THE CASE MANAGEMENT ORDER**

COME NOW Plaintiffs and for their Reply in Support of Motion for Leave to Take Additional Depositions Pursuant to the Case Management Order, and state as follows:

1. Defendants' Response ignores that the Case Management Order provides "each party" with ten depositions, entitling the two Plaintiffs to at least 20 depositions in this matter without leave of Court. Instead, Defendants cite to Rule 30(a)(2) for the presumptive limit of 10 depositions. The Court's specific order trumps this presumptive and unreasonable limit, especially given that there are thirteen parties, dozens of fact witnesses and numerous experts.

2. The absurdity of Defendants' position is demonstrated by Defendants refusing to even agree to **Defendant City of St. Louis, itself, being deposed** via its designees. In addition, Defendant City of St. Louis does not even agree to the depositions of its' **disclosed expert witnesses**, Erica Mpoy and Julia Davis. Defendants' claim that Plaintiffs have no need to depose their expert, Ms. Mpoy, is patently absurd. Plaintiffs' need to depose Ms. Mpoy has already been

1

set forth at length in Plaintiffs' Memorandum in Opposition to Defendants' Motion for Protective Order (See Doc. 148).

3. As another example, Defendants contend that internal affairs investigator Lt. McCloskey should not be deposed because Plaintiff's do not have a "constitutional right" to a thorough Internal Affairs investigation. This is missing the point: Plaintiffs allege and have presented substantial evidence of both a use of excessive force and a conspiracy to cover up that use of excessive force. Lt. McCloskey's testimony regarding the nature, scope, findings and conclusions of the Internal Affairs investigation are all directly relevant to the issues raised by the facts of the case.

4. Defendants contend that, should the Court deny Defendants' Motion for Protective Order seeking a stay of discovery in this case, they will stipulate to the depositions of certain witnesses but not others. The Court should reject Defendants' improper unilateral attempt to control discovery in this case, deny Defendants' Motion for Protective Order and grant Plaintiffs leave to depose these additional witnesses.

5. As the Court is aware, the parties have significant discovery disputes beyond the current motion, including the issues relating to Defendants' Motion for Protective Order and Plaintiffs' Motion to Appoint a Special Master, or in the alternative, Motion to Compel Discovery. These discovery disputes are complex and overlapping.

6. Therefore, as previously requested in Plaintiffs' Motion to Appoint a Special Master, or in the alternative, Motion to Compel Discovery, the Court should appoint a special master to resolve these complex discovery disputes and allow the parties to complete the discovery necessary to prepare for trial of this matter.

WHEREFORE Plaintiffs respectfully request that the Court (1) grant Plaintiffs' Motion for Leave to Take Additional Depositions, (2) appoint a special master to resolve the parties' discovery disputes, and (3) for any other relief the Court deems just and proper, the premises considered.

>Respectfully submitted,
>
>DOWD & DOWD, P.C.
>
>By:   /s/ *Richard K. Dowd*
>Richard K. Dowd (33383)
>Alex R. Lumaghi (56569)
>Rachel K. Dowd (69574)
>211 N. Broadway, Suite 4050
>St. Louis, MO 63102
>(314) 621-2500
>(314) 621-2503 Facsimile
>rdowd@dowdlaw.net
>alex@dowdlaw.net
>racheldowd@dowdlaw.net
>*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system on all counsel of record this 23rd day of November, 2020.

Andrew D. Wheaton
Erin K. McGowan
Brandon Laird
Associate City Counselor
Julian Bush City Counselor
City Hall, Room 314
St. Louis, MO 63103
wheatona@stlouis-mo.gov
mcgowane@stlouis-mo.gov
lairdb@stlouis-mo.gov
*Attorneys for Defendants*

>/s/ *Richard K. Dowd*

3