IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| GINA TORRES, et al., | ) |
| | ) |
|     *Plaintiffs,* | ) |
| | ) |
| v. | )   Case No. 4:19-cv-01525 |
| | ) |
| LANCE COATS, et. al, | ) |
| | ) |
|     *Defendants.* | ) |

## PLAINTIFFS' TRIAL BRIEF

COME NOW Plaintiffs, and for Plaintiffs' Trial Brief, state as follows:

**I.  Law applicable to Plaintiff Gina Torres' Section 1983 excessive force claim under Count I.**

**A.  Liability.**

A Section 1983 claim for excessive force generally has three elements: (1) a law enforcement officer must violate a clearly established constitutional right by (2) applying excessive force on an arrestee, pretrial detainee, or prisoner (3) causing actual injury to that arrestee, pretrial detainee, or prisoner. *Carter v. Hassell*, 2006 WL 8445532, at *1 (E.D.Mo. 2006). citing *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004).

The Fourth Amendment right to be free from unreasonable seizure protects against the use of excessive force in the apprehension or detention of a person. *Ward v. Olson*, 939 F. Supp. 2d 956, 961 (D. Minn. 2013). To establish a constitutional violation under the Fourth Amendment, the question is whether the amount of force used was objectively reasonable under the particular circumstances. *Brown v. City of Golden Valley*, 574 F.3d 491, 496 (8th Cir. 2009). "The relevant, dispositive inquiry is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id*. at 499. The test is objective, and an officer's good intentions will not make an objectively unreasonable use of force constitutional. *See Graham v.*

1

*Connor*, 490 U.S. 386, 397 (U.S. 1989). "'[A]bsent probable cause' for an officer to believe that the suspect poses 'an immediate threat of death or serious bodily injury' to others, 'use of deadly force is not objectively reasonable.'" *Cole ex rel. Est. of Richards v. Hutchins*, 959 F.3d 1127, 1132 (8th Cir. 2020) (citation omitted).

**B.     Affirmative Defenses.**

It is improper to submit a jury instruction on the affirmative defense of qualified immunity, including any jury question about whether the legal right in question was clearly established at the time of the violation; this is a question of law for the Court. *See Littrell v. Franklin*, 388 F.3d 578, 584–85 (8th Cir. (Ark.) 2004). See also *Peterson v. City of Plymouth,* 60 F.3d 469, 473 n. 6 (8th Cir.1995) ("[I]t is the province of the jury to determine disputed predicate facts, the question of qualified immunity is one of law for the court.")

**C.     Damages.**

Plaintiff Ginna Torres' Section 1983 claim under Count I for excessive force seeks damages distinct from those sought in Plaintiffs' state law wrongful death claim under Count IV. As the Eighth Circuit explained in *Andrews v. Neer*, 253 F.3d 1052 (8th Cir. 2001), where an officer's use of excessive force results in death, the Missouri wrongful death statute, § 537.080 R.S.Mo., provides standing for the family members of the decedent to bring suit under Section 1983. *See Id*. at 1057-1058.  However, the wrongful death statute's provisions regarding damages do *not* apply to Section 1983 claims.  Instead, the Eighth Circuit adopted the Tenth Circuit's creation in *Berry v. City of Muskogee,* 900 F.2d 1489, 1506 (10th Cir.1990) of "a federal remedy to be applied in § 1983 death cases that include[s] compensatory damages such as medical and burial expenses, pain and suffering before death, loss of earnings based on the probable duration of the victim's life, the victim's loss of consortium, and other damages recognized in such common-law tort actions." *Andrews v. Neer*, 253 F.3d 1052, 1063 (8th Cir. 2001); *see also Teague v. St.

2

*Charles Cty.*, 708 F. Supp. 2d 935, 939 (E.D. Mo. 2010) (Citing *Andrews* and noting that "appropriate damages" in a Section 1983 wrongful death case "include compensatory damages such as medical and burial expenses, pain and suffering before death, loss of earnings based on the probable duration of the decedent's life, the decedent's loss of consortium").

As the court in *Andrews* held by adopting *Berry*, Plaintiff Gina Torres is entitled to recover both these Section 1983 damages for the deprivation of Isaiah Hammett's constitutional rights and the state statutory wrongful death damages as the survivor under Count IV. *See Berry v. City of Muskogee, Okl.,* 900 F.2d 1489, 1507 (10th Cir. 1990) ("The state wrongful death actions are not foreclosed by this approach; they remain as pendent state claims."); *see also Andrews*, 253 F.3d at 1064 (noting that the plaintiff in that case had not brought a "supplemental state-law wrongful death claim"). Generally speaking, under *Andrews* and the facts of this case, the Section 1983 damages under Count I relate to the deprivation of Isaiah Hammett's rights and his injuries and damages to him resulting from his death, while the state statutory wrongful death damages under Count IV relate to the damages suffered by his mother, Gina Torres.

Plaintiff Gina Torres seeks punitive damages against the Defendant Officers to the extent that the jury finds they acted maliciously or with reckless indifference. See *Schaub v. VonWald*, 638 F.3d 905, 922-24 (8th Cir. 2011) (the threshold inquiry for an award of punitive damages is whether the evidence supports that the conduct involved was reckless or callously indifferent.)

**II.     Law applicable to Plaintiff Gina Torres' Missouri Wrongful Death claim under Count IV.**

    **A.     Liability**

Where a "battery arises out of a claim that a public official, such as a police officer or jailer, used excessive force in his official duties," Missouri law requires proof that the officer (1) intentionally used force; (2) that defendant thereby used more force than was reasonably necessary,

3

and (3) that defendant thereby caused plaintiff bodily harm. See MAI 23.02, Comment 2; *Collins v. Hertenstein*, 90 S.W.3d 87, 107 (Mo.App. 2002). An injury that causes or contributes to cause the wrongful death satisfies the causation requirement. See *Collins*, 90 S.W.3d. at 96. Missouri courts have also stated in this context that "an act which accelerates death ... causes death." *Collins v. Hertenstein*, 90 S.W.3d 87, 96 (Mo.App. 2002)(Causation requirement satisfied in wrongful death police shooting case where officer shot subject in arm and, while not life-threatening on its own, the wound combined with other injuries to cause the decedent to "bleed out").

> **B.      Affirmative Defenses.**

Defendants may seek to submit the affirmative defense of official immunity for which Defendants bear the burden of proof. See *Rhea v. Sapp*, 463 S.W.3d 370, 376 (Mo.App. 2015), reh'g and/or transfer denied (Apr. 28, 2015), as modified (Apr. 28, 2015), transfer denied (June 30, 2015) ("As the party asserting the affirmative defense of official immunity, an individual defendant bears the burden of … proving that he is entitled to that defense.") Official immunity is a qualified immunity and does not apply to those discretionary acts done in bad faith or with malice. *Davis v. Board of Educ. of City of St. Louis,* 963 S.W.2d 679, 689 (Mo.App. E.D. 1998); *Teasley v. Forler*, 548 F. Supp. 2d 694, 711 (E.D. Mo. 2008).

A defendant acts with malice when he wantonly does that which a man of reasonable intelligence would know to be contrary to his duty and which he intends to be prejudicial or injurious to another. *Shell v. Ebker,* 2006 WL 1026982, *11 (E.D.Mo. 2006). An act is wanton when it is done of wicked purpose, **or when done needlessly, manifesting a reckless indifference to the rights of others**. *Id.* See *Moore v. City of Ferguson, Missouri*, 213 F.Supp.3d 1138, 1149 (E.D.Mo., 2016) citing *Estate of Snyder v. Julian*, 789 F.3d 883, 887 (8th Cir.2015) (noting that malice for purposes of official immunity in excessive force case is defined to include reckless

4

indifference to the rights of others.) See also *Williamson v. Steele*, No. 4:12-CV-1548 CAS, 2015 WL 3620607, at *11 (E.D. Mo. June 9, 2015) (Denying correctional officers' motion for summary judgment based on official immunity where disputed question of fact existed as to whether officers acted maliciously).

### C. Damages.

Plaintiff's statutory wrongful death damages under Missouri law include "Pecuniary losses suffered by reason of the death, funeral expenses, and the reasonable value of the services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of which those on whose behalf suit may be brought have been deprived by reason of such death and without limiting such damages to those which would be sustained prior to attaining the age of majority by the deceased or by the person suffering any such loss." § 537.090 R.S.Mo.[1]

Furthermore, under Missouri law, in wrongful death actions damages for aggravating circumstances, which are the "equivalent of punitive damages," are also recoverable. *Rasmussen v. Illinois Casualty Company*, 628 S.W.3d 166, 180 note 13 (Mo.App. W.D. 2021), citing *Robinson v. Missouri State Highway and Transp. Com'n*, 24 S.W.3d 67, 81 (Mo.App. W.D., 2000); § 537.090; *Call v. Heard,* 925 S.W.2d 840, 849 (Mo. 1996). A claim for aggravating circumstances damages must be supported by clear and convincing evidence. *Lopez v. Three Rivers Elec. Co-op., Inc.,* 26 S.W.3d 151, 160 (Mo. banc 2000). Evidence must show that the defendant either "knew or had reason to know that there was a *high degree of probability* that the action would *result in injury*" *Miller v. Levering Regional Health Care Center, LLC*, 202 S.W.3d 614, 617–18 (Mo.App.

---

[1] § 537.090 R.S.Mo. also provides for wrongful death damages for pain and suffering of the decedent which, as discussed above, are recoverable under Section 1983 as well. However, to avoid any possible duplication of damages and for purposes of simplicity, Plaintiffs anticipate submitting damages for Isaiah Hammett's pain and suffering only under their Section 1983 claims under Count I, and not under Count IV.

E.D.,2006) citing *Hoover's Dairy, Inc. v. Mid–America Dairymen, Inc. / Special Products, Inc.,* 700 S.W.2d 426, 436 (Mo. banc 1985) [emphasis in original.]

        Respectfully submitted,

        /s/ Brendan D. Roediger
        Brendan D. Roediger 60585MO
        Susan McGraugh 37430MO
        St. Louis University Legal Clinic
        100 N. Tucker Blvd., Suite 704
        Saint Louis, MO 63101
        (314) 977-2778
        brendan.roediger@slu.edu
        susan.mcgraugh@slu.edu

        **KHAZAELI WYRSCH LLC**
        Javad Khazaeli, 53735MO
        James R. Wyrsch, 53197MO
        John M. Waldron, 70401MO
        911 Washington Avenue, Suite 211
        Saint Louis, MO 63101
        (314) 288-0777
        (314) 400-7701 (fax)
        javad.khazaeli@kwlawstl.com
        james.wyrsch@kwlawstl.com
        jack.waldron@kwlawstl.com

        *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served upon all Counsel via the electronic filing system on October 21, 2024.

        /s/Brendan Roediger