IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINA TORRES, ET AL., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:19-CV-1525 |
| CITY OF ST. LOUIS, ET AL., | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION
TO EXCLUDE REPORT AND TESTIMONY OF JANE WILLARD TURNER**

COME NOW Defendants, by and through their attorney Sheena Hamilton, City Counselor for the City of St. Louis, and pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure, hereby submit this memorandum of law in support of their motion to exclude the report and testimony of Dr. Jane Willard Turner. In support thereof, the following statements are made:

Long after the expert disclosure deadline had passed, and after a previous trial setting was continued, Plaintiffs represented to the Court that they intended to replace conspiracy theorist Sam Andrew, whose opinions related to crime scene reconstruction, with a "single additional expert." (Doc. 268 at 6). Shortly after the Court granted leave, over Defendants' objection, to replace Sam Andrews with a single additional expert, Plaintiff disclosed a replacement crime scene reconstructionist by the name of Matthew Noedel. Defendants' understand that the disclosure of Mr. Noedel was authorized by the Court, and so his disclosure is not the subject of this motion. Instead, Defendants take issue with Plaintiffs' concurrent and late disclosure of a medical expert named Jane Willard Turner. Because Plaintiff failed to timely disclose Dr. Turner, her Report and

1

testimony must be excluded. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless").

## BACKGROUND

The original deadline for Plaintiff to disclose expert witnesses and reports was February 29, 2020 (Doc. 27 at 1). After multiple extensions, the final deadline for Plaintiff to disclose expert witnesses and reports was more than four years ago, on June 30, 2020. (Docs. 63, 98, 100, 105). On February 13, 2024, and after prior counsel withdrew from representing Plaintiff in this case, Plaintiff sought leave to replace her originally disclosed and unqualified expert with "a single additional expert witness." (Doc. 268 at 6) (where Plaintiff represented to the Court that her requested relief was limited in that she "seeks to add a *single* additional expert witness.") (emphasis added).

In apparent reliance on Plaintiff's representation that she intended to replace unqualified "expert" Sam Andrews with a single replacement expert, the Court granted Plaintiff leave to disclose a single additional expert over Defendants' objection. *See* Doc. 276 ("Docket Text ORDER: Re: 268 MOTION to Modify Scheduling Order to Replace Expert filed by Plaintiffs Dennis L. Torres, Gina Torres; GRANTED. SO ORDERED.").

On May 20, 2024, Plaintiff's counsel disclosed Matthew Noedel – a forensic scientist and crime scene reconstructionist. (Ex. A, May 20, 2024, Email). Defendants' objection to the disclosure of Mr. Noedel has been fully briefed and overruled by the Court, and so that disclosure is not the subject of this motion. Instead, Defendants take

2

issue with the disclosure of Dr. Jane Willard Turner on May 20, 2024. *Id.*[1]

## ARGUMENT

I. **PLAINTIFF'S FAILURE TO TIMELY DISCLOSE DR. TURNER PURSUANT TO RULE 26(a)(2) VIOLATED THIS COURT'S CASE MANAGEMENT ORDER AND IS PREJUDICIAL.**

Excepting Mr. Noedel, the final deadline for Plaintiff to disclose expert witnesses and reports was more than four years ago, on June 30, 2020. (Docs. 63, 98, 100, 105). On May 20, 2024, more than four years later, after the close of discovery and after Defendants were prepared to try this case in reliance upon the theories and voluminous record developed over years of discovery, Plaintiff disclosed the medical opinions of Dr. Jane Willard Turner for the first time. *See* Ex. B, May 20, 2024 Report of Dr. Jane Willard Turner).

Dr. Willard offers numerous medical opinions, including that, "to a reasonable degree of medical certainty" Isaiah Hammett died instantaneously from a gunshot wound that transected his cervical spinal cord. *Id*. Dr. Turner also opines, without support, that the trajectories of Hammett's gunshot wounds are "inconsistent with him being in an upright, standing position." *Id*. Dr. Turner also criticizes the City of St. Louis Medical Examiner's Autopsy Report. In sum, Dr. Turner offers new, untimely, and previously undisclosed putative expert testimony in an apparent attempt to conjure support for a claim that the defendant officers shot Isaiah Hammett while he was laying dead on the ground.

---

[1] The May 20, 2024 Disclosure itself came seven days after Plaintiff's proposed deadline to designate their single additional expert (Doc. 264 at 1). While it is conceivable that prior counsel for Defendants' Brandon Laird consented to this, the undersigned is unaware of any such agreement.

3

At no time in this case did Plaintiff disclose Dr. Turner or her opinions prior to May 20, 2024. This late disclosure, made without leave of court, violates this Court's case management orders. *See* Doc. 100 ("it is hereby ordered that plaintiff must disclose all expert witnesses and provide the reports required by Rule 26(a)(2) Fed. R. Civ. P. no later than April 30, 2020"; Doc. 105 ("MOTION for Extension of: Time to Perform Expert Discovery thru June 30, 2020, by Plaintiffs Dennis L. Torres, Gina Torres; ORDERED GRANTED"). Here, because Plaintiff failed to timely disclose Dr. Turner pursuant to Rule 26(a)(2), Dr. Turner's testimony and report must be excluded.

As the Eighth Circuit has clearly held, "failure to disclose in a timely manner is equivalent to failure to disclose" *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998); *see also Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (quoting *Trost* and describing Rule 37(c)(1) as a "self-executing sanction" in analogous circumstances). Where, as here, a party fails to timely disclose experts, Rule 37(c)(1) is clear regarding the consequences: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial…." Fed. R. Civ. P. 37(c)(1). The Eighth Circuit recently held as follows with respect to the "self-executing" sanction of exclusion provided for by Rule 37(c)(1):

> The disclosure mandates Rule 26 are given teeth by the threat of sanctions in Rule 37. *See* 8B Charles A. Wright, Arthur R. Miller et al., *Federal Practice & Procedure* § 2289.1 (3d ed. 2018). Rule 37(c)(1) provides that when a party fails to comply with the disclosure requirements in Rule 26(a) [or Rule 26(e)], "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The advisory committee notes describe this as "a self-executing sanction for failure to make a disclosure required by Rule 26(a) [or Rule 26(e)], without need for a motion" for sanctions….

4

*Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702-03 (8th Cir. 2018) (citing Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment). The Eighth Circuit's recent decision in *Vanderburg* is binding here, and compels the conclusion that Plaintiffs' years-late disclosure of Dr. Turner must result in sanctions, and those should be the "self-executing" sanction of exclusion.

In *Vanderburg*, the plaintiff disclosed the names of several medical professionals and provided 573 pages of medical records as part of his initial disclosures. *Id*. at 701. However, plaintiff failed to disclose any medical professionals as expert witnesses or provide a summary of their expected testimony until three months after plaintiff's deadline to disclose expert witnesses. *Id*. at 704. On a motion by defendant, the district court found that the plaintiffs' three-month late disclosure had violated the disclosure requirements of Rule 26(a)(2), excluded plaintiff's experts pursuant to Rule 37(c)(1), and granted summary judgment in favor of defendants because, without the excluded experts, there was no expert opinion evidence to establish causation, as is required by Iowa law. *Id*. at 699. The Eighth Circuit affirmed exclusion on appeal, and began its opinion by noting as follows:

> "The rules governing litigation in federal courts ensure fair and orderly proceedings free from prejudicial surprises. All litigants must disclose the identity of any expert witnesses they plan to use and, for non-retained experts such as treating physicians, they must disclose the subject matter and a summary of the facts and opinions to which the expert is expected to testify (absent a contrary stipulation or court order). Fed. R. Civ. P. 26(a)(2).

*Id* at 699. Plaintiff argued on appeal that he had satisfied the disclosure requirements of Rule 26(a)(2) because he disclosed the names of several medical professionals with his initial disclosures and in interrogatory answers, along with 573

5

pages of medical records which included operative reports and notes of these treaters. *Id*. at 700. The Eighth Circuit rejected this argument and held that the disclosure of medical records did not "constitute a disclosure stating 'the subject matter on which [the experts were] expected to present' expert testimony" as required by Rule 26(a)(2)(C)(i), nor could the production of "hundreds of pages of medical records reasonably be called a 'summary'" as required by Rule 26(a)(2)(C)(i). *Id* at 703. The Eighth Circuit further held that "expert witness disclosure requirements would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless because the other party should have read between the lines." *Id* at 703. Finally, in affirming exclusion, the Eighth Circuit rejected "any suggestion that [plaintiff's] failure to adhere to Rule 26(a)(2) was harmless because [defendant] should have figured out that [plaintiff] would rely on his treating physicians to provide expert testimony on causation." *Id* at 703.

Here, Plaintiffs were required by this Court, after multiple extensions, to disclose expert witnesses and provide reports required by Rules 26(a)(2) no later than June 30, 2020, but did not disclose Dr. Turner or her report until May 20, 2024. Like in *Vanderburg*, this late disclosure compels the "self-executing" sanction of exclusion, and this Court should therefore enter an order barring Plaintiffs from relying on, using, or referencing the testimony or report of Dr. Turner at trial. Such an order would be consistent with controlling Eighth Circuit precedent and prior decisions of this Court. See, e.g., Powell v. Shelton, No. 4:17CV2017 HEA, 2020 WL 5960919, at *2 (E.D. Mo. Oct. 8, 2020)

Finally, Plaintiff's late disclosure of Dr. Turner is not substantially justified or harmless. To the contrary, Defendants are prejudiced by this incredibly late disclosure.

6

*See Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011) (holding that one purpose of discovery is to avoid unfair surprise and noting that Rule 37's enforcement mechanism exists to avoid unfair surprise). Indeed, late this afternoon, counsel for Plaintiffs produced, for the first time, an additional "table" of information from Dr. Turner in the form of an excel spreadsheet that appears to contain previously undisclosed measurements and data upon which she relied in forming her opinions. Ex. C, October 23, 2024 Email; Ex. D, Turner Excel Spreadsheet. This most recent disclosure comes days before a jury trial that is years in the making – which Plaintiffs opposed the continuance of. Plaintiff's late disclosure of Dr. Turner is particularly unjustified where Plaintiff secured relief from the Court by representing that they sought to disclose a "single" expert. Then, days after, securing that relief from the Court, Plaintiff disclosed two – one of which is a medical expert bearing little relation to the substantive opinions of Sam Andrews that Plaintiff sought leave to replace.

It is within the district court's discretion to exclude testimony as a sanction for failure to disclose witnesses in compliance with discovery and pretrial orders. *See Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897-98 (8th Cir. 1978). And, again, Rule 37(c)(1) is clear: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion…." Fed. R. Civ. P. 37(c)(1). Here, pursuant to Rule 37(c)(1) and the Court's authority to exclude testimony for failure to disclose in

compliance with its pre-trial orders, Dr. Turner should be excluded as an expert witness and her Report should be stricken.[2]

WHEREFORE, for all of the reasons set forth above, Defendants respectfully requests that this honorable Court exclude Dr. Turner as an expert witness.

Respectfully submitted,

SHEENA HAMILTON
CITY COUNSELOR

/s/ Andrew D. Wheaton
Andrew D. Wheaton   #65269 MO
Deputy City Counselor
Attorney for Defendants
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
wheatona@stlouis-mo.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2024, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ Andrew D. Wheaton

---

[2] To the extent the Court allows Dr. Turner to testify at trial, Defendants request leave to depose her in advance of trial and request that Plaintiff be ordered to cover the cost and fees associated with any such deposition.