IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINA TORRES, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 4:19-CV-1525 |
| | ) |
| CITY OF ST. LOUIS, ET AL., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' SUPPLEMENTAL MOTION IN LIMINE
TO EXCLUDE TESTIMONY AND REPORT OF CAITLIN HIGGINS COAN**

COME NOW Defendants, by and through their attorney Sheena Hamilton, City Counselor for the City of St. Louis, pursuant to Rule 37(c)(1) of the Federal Rules of Civil Procedure and this Court's authority, hereby submit this memorandum of law in support of their motion to exclude the testimony and report of Caitlin Higgins Coan ("Higgins"). In support thereof, the following statements are made:

Plaintiff's Witness List, filed on October 21, 2024, identifies "Caitlin Higgins Coan" as a witness that Plaintiff may call in this case. (Doc. 294 at 2). This filing, made more than five years after the Rule 26 initial disclosure deadline and mere days before trial, is the first and only time that Plaintiff disclosed Caitlin Higgins Coan ("Higgins") as a witness in this case.[1] She has not been deposed, and Plaintiff has not identified the discoverable information and subjects of that information that Plaintiff may use to

---

[1] The undersigned counsel for defendants has searched through Defendants' file and all email correspondence to which he has access for any indication that Higgins was previously disclosed and was not able to find any. To the extent Plaintiff may be able to identify some correspondence with prior counsel or other documentation indicating Higgins was previously disclosed defense counsel is not aware of it.

1

support her claims in this case as required by Rule 26(a)(1)(A)(i). Moreover, it appears that Higgins is a fingerprint examiner and it seems that Plaintiff has identified her intending to offer expert testimony regarding the print examination and analysis that a lab report produced by defendants more than five years ago indicated she conducted in this case. But, despite having Higgins's lab report for years and long before the expert disclosure deadline, Plaintiff never disclosed Higgins as an expert as required by Rule 26(a)(2)(B) or Rule 26(a)(2)(C) and never disclosed the subject matter on which Higgins is expected to present evidence under Federal Rule of Evidence 702. For these reasons, and as set forth below, Higgins and her report must be excluded from evidence at trial and any trial subpoena directed to Higgins should be quashed.

## BACKGROUND AND FACTS

Plaintiff's Initial Disclosures were served on Defendants in October of 2019 and identified over 100 witnesses, but Higgins was not one of them and was not identified by Plaintiff as a witness likely to have discoverable information that Plaintiff may use to support her claims in this case. (Ex. A, Pl.'s October 15, 2019 Initial Disclosures). Approximately one year later, Plaintiff provided their Supplemental Rule 26 Disclosures. (Ex. B, Pl.'s October 7, 2020 Supplemental Initial Disclosures). Again, Plaintiff did not identify Higgins as a witness. There is no doubt that Plaintiff possesses Higgins's lab report as early as October of 2019, and still did not identify her as a witness with information Plaintiff may use to support her claims. *See* Ex. A at 9 (identifying "Lab Report #10: Latent Print Examination" as a document in Plaintiff's possession).

To the extent Plaintiff intends to offer Higgins as an expert, which Defendants suspect is the case, the original deadline for Plaintiff to disclose expert witnesses and

2

reports was February 29, 2020 (Doc. 27 at 1). After multiple extensions, the final deadline for Plaintiff to disclose expert witnesses and reports was more than four years ago, on June 30, 2020. (Docs. 63, 98, 100, 105). On February 13, 2024, and after prior counsel withdrew from representing Plaintiff in this case, Plaintiff sought leave to replace her originally disclosed and unqualified expert with "a single additional expert witness." (Doc. 268 at 6) (where Plaintiff represented to the Court that her requested relief was limited in that she "seeks to add a *single* additional expert witness.") (emphasis added). On May 20, 2024, Plaintiff disclosed two additional experts – Matthew Noedel and Dr. Jane Turner. To the best of counsel's knowledge, Plaintiff never disclosed and still has not disclosed Higgins as an expert or identified what her testimony may be.

## ARGUMENT

I. **BECAUSE PLAINTIFF FAILED TO TIMELY DISCLOSE HIGGINS PURSUANT TO RULE 26(a)(1)(A)(i) AND FAILED TO TIMELY DISCLOSE HIGGINS AS AN EXPERT PURSUANT TO RULE 26(A)(2), HIGGINS'S REPORT AND TESTIMONY MUST BE EXCLUDED.**

Because Plaintiff failed to timely disclose Higgins pursuant to rule 26(a)(1)(a)(i) and failed to timely disclose Higgins as an expert pursuant to rule 26(a)(2), Higgins's testimony must be excluded.

As the Eighth Circuit has clearly held, "failure to disclose in a timely manner is equivalent to failure to disclose" *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir. 1998); *see also Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (quoting *Trost* and describing Rule 37(c)(1) as a "self-executing sanction" in analogous circumstances). Where, as here, a party fails to timely disclose experts or fails to timely disclose a fact witness under Rule 26(a)(1)(A)(i), Rule 37(c)(1) is clear regarding the consequences: "If a party fails to provide information or identify a witness as required by

3

Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial…." Fed. R. Civ. P. 37(c)(1). The Eighth Circuit recently held as follows with respect to the "self-executing" sanction of exclusion provided for by Rule 37(c)(1):

> The disclosure mandates Rule 26 are given teeth by the threat of sanctions in Rule 37. *See* 8B Charles A. Wright, Arthur R. Miller et al., *Federal Practice & Procedure* § 2289.1 (3d ed. 2018). Rule 37(c)(1) provides that when a party fails to comply with the disclosure requirements in Rule 26(a) [or Rule 26(e)], "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The advisory committee notes describe this as "a self-executing sanction for failure to make a disclosure required by Rule 26(a) [or Rule 26(e)], without need for a motion" for sanctions….

*Vanderberg v. Petco Animal Supplies Stores, Inc.*, 906 F.3d 698, 702-03 (8th Cir. 2018) (citing Fed. R. Civ. P. 37(c) advisory committee's note to 1993 amendment). The Eighth Circuit's recent decision in *Vanderburg* is binding here, and compels the conclusion that Plaintiffs' years-late disclosure of Dr. Turner must result in sanctions, and those should be the "self-executing" sanction of exclusion.

In *Vanderburg*, the plaintiff disclosed the names of several medical professionals and provided 573 pages of medical records as part of his initial disclosures. *Id*. at 701. However, plaintiff failed to disclose any medical professionals as expert witnesses or provide a summary of their expected testimony until three months after plaintiff's deadline to disclose expert witnesses. *Id*. at 704. On a motion by defendant, the district court found that the plaintiffs' three-month late disclosure had violated the disclosure requirements of Rule 26(a)(2), excluded plaintiff's experts pursuant to Rule 37(c)(1), and granted summary judgment in favor of defendants because, without the excluded experts, there was no expert opinion evidence to establish causation, as is required by Iowa law.

4

*Id*. at 699. The Eighth Circuit affirmed exclusion on appeal, and began its opinion by noting as follows:

> "The rules governing litigation in federal courts ensure fair and orderly proceedings free from prejudicial surprises. All litigants must disclose the identity of any expert witnesses they plan to use and, for non-retained experts such as treating physicians, they must disclose the subject matter and a summary of the facts and opinions to which the expert is expected to testify (absent a contrary stipulation or court order). Fed. R. Civ. P. 26(a)(2).

*Id* at 699. Plaintiff argued on appeal that he had satisfied the disclosure requirements of Rule 26(a)(2) because he disclosed the names of several medical professionals with his initial disclosures and in interrogatory answers, along with 573 pages of medical records which included operative reports and notes of these treaters. *Id*. at 700. The Eighth Circuit rejected this argument and held that the disclosure of medical records did not "constitute a disclosure stating 'the subject matter on which [the experts were] expected to present' expert testimony" as required by Rule 26(a)(2)(C)(i), nor could the production of "hundreds of pages of medical records reasonably be called a 'summary'" as required by Rule 26(a)(2)(C)(i). *Id* at 703. The Eighth Circuit further held that "expert witness disclosure requirements would be rendered meaningless if a party could ignore them and then claim that the nondisclosure was harmless because the other party should have read between the lines." *Id* at 703. Finally, in affirming exclusion, the Eighth Circuit rejected "any suggestion that [plaintiff's] failure to adhere to Rule 26(a)(2) was harmless because [defendant] should have figured out that [plaintiff] would rely on his treating physicians to provide expert testimony on causation." *Id* at 703.

Here, to the extent Plaintiff may offer layperson fact testimony from Higgins (though it is unclear what such testimony could be), Plaintiff should be prohibited from

5

doing so because Plaintiff failed to disclose Higgins as required by Rule 26(a)(1)(A)(i). And, to the extent Plaintiff intends to offer Higgins's testimony regarding her fingerprint examination, analysis, and conclusions, it is well established that such testimony constitutes expert testimony within the scope of FRE 702 and the disclosure requirements of Rule 26(a)(2). *See, e.g., United States v. Hernandez*, 299 F.3d 984, 991 (8th Cir. 2002; *United States v. Janis*, 387 F.3d 682, 689 (8th Cir. 2004) (citing *United States v. Collins*, 340 F.3d 672, 682 (8th Cir. 2003)); *United States v. Crisp*, 324 F.3d 261, 268 (4th Cir. 2003)).

Excepting Mr. Noedel, the final deadline for Plaintiff to disclose expert witnesses and reports was more than four years ago, on June 30, 2020. (Docs. 63, 98, 100, 105). To date, to the best of counsel's knowledge, Plaintiff never disclosed Higgins or her opinions and still has not. In sum, Defendant suspect that Plaintiff may, at trial, attempt to offer new, untimely, and previously undisclosed putative expert testimony from a witness that was never deposed because she was never identified by the Plaintiff. To allow such testimony would controvert controlling Eighth Circuit authority and prejudice Defendants. Plaintiff had years to conduct discovery, develop her theory of the case, and disclose, as required, the substance of any expert opinions that she may offer to support her claims. But, she never disclosed Higgins or her opinions. As such, because Plaintiff failed to timely disclose Higgins or her opinions pursuant to Rule 26(a)(2) or Rule 26(a)(1)(A)(i), Higgins's testimony and report must be excluded.

It is within the district court's discretion to exclude testimony as a sanction for failure to disclose witnesses in compliance with discovery and pretrial orders. *See Admiral Theatre Corp. v. Douglas Theatre Co.*, 585 F.2d 877, 897-98 (8th Cir. 1978).

And, again, Rule 37(c)(1) is clear: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion…." Fed. R. Civ. P. 37(c)(1). Here, pursuant to Rule 37(c)(1) and the Court's authority to exclude testimony for failure to disclose in compliance with its pre-trial orders and the federal rules of civil procedure, Higgins's testimony and her report should be excluded from evidence.

WHEREFORE, for all of the reasons set forth above, Defendants respectfully requests that this honorable Court exclude Higgins and her lab report from evidence in this case and quash any subpoena directed to Higgins.

Respectfully submitted,

SHEENA HAMILTON
CITY COUNSELOR

/s/ Andrew D. Wheaton
Andrew D. Wheaton   #65269 MO
Deputy City Counselor
Attorney for Defendants
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
FAX: 314.622.4956
wheatona@stlouis-mo.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2024, the foregoing was electronically filed with the Clerk of the Court to be served by operation of the Court's electronic filing system.

/s/ Andrew D. Wheaton