IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINA TORRES, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 4:19-CV-1525 |
| ) | |
| LANCE COATS, ET AL., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OBJECTIONS AND RESPONSES
TO PLAINTIFF'S DEPOSITION DESIGNATIONS**

Defendants Lance Coats, Glennon P. Frigerio, Joshua D. Becherer, Nicholas J. Manasco, Ronald Allen Jr., John C. Jones, Mark S. Seper, and Jon B. Long (collectively "Defendant Officers"), by and through undersigned counsel, and for their objections and responses to Plaintiff's deposition designations state as follows:

Dennis Torres' Deposition

- 6:5-6:19 - none

- 8:12-9:7 – Objection to 8:21-9:7 for relevance and more prejudicial than probative, Plaintiffs indicated in their response to Defendants' Motions in Limine (doc. 137) that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 11:4-12:10 – Objection. Relevance. More prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 12:14-14:6 – Objection. Relevance. More prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 19:20-20:10 – Objection. Relevance. More prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 21:4-22:1- Objection. Relevance. More prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 24:13-25:12 – none.

- 25:20-26:9 – none.

- 28:20-30:4
    - Counter designation: 30:5-25, 32:22-33:10

- 40:1-41:17
    - Objection to 40:1-41:7 relevance, more prejudicial than probative.

- 44:2-45:19 – none.

- 46:2-47:25 – none.

- 48:19-50:22 – none.

- 51:3-51:18
    - Counter designation: 51:19-25

- 53:8-55:6
    - Counter designation: 55:7-15
- 62:12-63:5 – Objection. Relevance, more prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.
- 64:14-65:5 – none.
- 67:6-68:15
    - Counter designation: 69:17-70:6
- 73:13-75:9 – Objection. Relevance, more prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.
    - Counter designation: 75:10-16
- 81:4-82:4 – Objection as to 81:4-25. Relevance, more prejudicial than probative.
- 82:11-84:3 – none.
- 87:1-88:14 – Objection. Relevance, more prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.
- 92:22-95:25 – Objection. Relevance, more prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis

Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 96:21-97:25 – Objection. Relevance, more prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 99:8-100:11 – Objection. Relevance, more prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 101:17-107:12 – Objection. Relevance, more prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 114:17-116:25 – Objection, calls for speculation, foundation.

- 118:13-122:19 – Objection, calls for speculation, foundation.

- 123:1-123:10 – none.

- 124:16-125:11 – Objection. Relevance, more prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 131:3-132:23 – Objection. Relevance, more prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss

    Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

- 137:8-140:6
    - Counter designation: 140:7-20.
- 142:13-146:6 – Objection 144:10-146:6. Relevance, more prejudicial than probative.
- 149:6-149:25 – none.
- 150:4-151:4 – Objection. Relevance, more prejudicial than probative. Plaintiffs indicated in their response to Defendants' Motions in Limine that they intend to dismiss Dennis Torres' claim of intentional infliction of emotional distress therefore any evidence that is only probative of his damages is moot.

**Dr. Erin Ely Deposition**

    Defendants object to the use of Dr. Ely's video taped deposition. The Federal Rules of Evidence only allow for a video taped deposition to be played in lieu of a witness offering live testimony in a limited set of circumstances, none of which apply to the current situation. Fed. R. Evid. 32(4). Furthermore, Plaintiff's have not given any justification for using Dr. Ely's video taped deposition, nor have they attempted to gain consent from the Defendants. Defendants do not consent to the use of Dr. Ely's deposition. Furthermore, Defendants have moved for the exclusion of Dr. Turner's testimony (doc. 305) and it is their position that neither Dr. should be permitted to offer testimony. However, if the Court allows Dr. Ely's Deposition to be played at trial, Defendants object to the following portions:

- 19:9-16 – Objection, lacks foundation.
- 24:20-25, 25:1-10 – Objection, foundation, speculation.
- 25:11-17 – Objection, foundation.
- 25:18-25, 26:1-19 – Objection, foundation.
- 42:16-25, 43:1-3 – Objection, foundation.

- 47:6-16 – Objection, foundation, speculation.
- 50:4-15 – Objection, foundation.
- 50:16-25, 51:1-3 – Objection, foundation.
- 51:19-25, 52:1-6 – Objection, foundation.
- 52:13-25 – Objection, foundation.
- 53:19-25, 54:1-22 – Objection, foundation.
- 56:14-25, 57:1-9 – Objection, foundation.
- 57:10-13 – Objection, foundation.
- 59:9-17 – Objection, foundation.

Respectfully submitted,

SHEENA HAMITLON
CITY COUNSELOR

/s/ *Rachael Hagan*
Rachael Hagan #74923
Rebecca Vossmeyer #70342
Andrew D. Wheaton  #65269
City Hall, Room 314,
St. Louis, MO  63103
314.622.3361
haganr@stlouis-mo.gov
vossmeyerr@stlouis-mo.gov
wheatona@stlouis-mo.gov
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, October 28, 2024, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all attorneys of record:

/s/ Rachael Hagan