UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GINA TORRES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:19CV1525 HEA |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

This matter is before the Court on Defendants' Motions in Limine, [Doc. No. 297].

Motion in limine no. 1: Preclude Plaintiff from offering evidence or arguing that the Defendant officers failed to adequately announce their presence or that the lack of an adequate announcement caused or contributed to cause decedent's death is GRANTED as it is irrelevant as to the remaining claims.

Motion in limine no. 2: Preclude Plaintiff from introducing the misleading phrase "no-knock warrant," arguing that the officers in this case were effectuating a "no-knock warrant," or referencing other unrelated cases involving "no-knock" warrants is GRANTED by consent of the parties.

Motion in limine no. 3 Preclude Plaintiff from offering evidence, eliciting

testimony or making any reference to an absence of blood and DNA found on Decedent's firearm is under submission and will be taken with the case.

Motion in limine no. 4: Preclude Plaintiff from offering evidence, eliciting testimony or making reference to a neighbor conspiracy theory as the basis for why a search warrant was issued and why the subsequent search was conducted, including references to Charles Eckenrodt, Christine Eckenrodt or Officer Timothy Harrison is GRNATED.

Motion in limine no. 5: Preclude Plaintiff from offering evidence, eliciting testimony or making reference to the Force Investigative Unit, the FIU audit, or any delay in the FIU investigation into this incident or any other police shooting is GRANTED by consent of the parties.

Motion in limine no. 6: Preclude Plaintiff from offering evidence, eliciting testimony, or making any reference that Defendant Officers or City employees tampered with evidence or staged the scene after the shooting is GRANTED by consent of the parties.

Motion in limine no. 7: Preclude Plaintiff from offering evidence, eliciting testimony, or making any argument that any Non-Defendant Officers allegedly engaged in any misconduct is GRANTED by consent of the parties.

Motion in limine no. 8: Preclude evidence, testimony or reference to Plaintiff Gina Torres' post-incident interactions with SLMPD or other City employees as irrelevant is GRANTED by consent of the parties.

Motion in limine no. 9: Preclude Plaintiff from offering evidence, testimony or making reference that Defendant Officers stood over Hammett and shot him while he was laying on the floor is GRANTED as to testimony on matters outside the expert testimony.

Motion in limine no. 10: Motion to bar admission or display of graphic autopsy or other post-mortem pictures of Plaintiff's Decedent is under submission and will be taken with the case.

Motion in limine no. 11: Preclude Plaintiff from offering evidence, testimony or making reference to any delay in releasing Decedent's body from the morgue or any delay in receiving information regarding the SLMPD's investigation into the incident GRANTED by consent of the parties.

Motion in limine no 12: Preclude Plaintiff from asking Defense counsel to stipulate to the admissibility of any evidence or facts in the presence of the jury is GRANTED by consent of the parties.

Motion in limine no. 13: Preclude Plaintiff from offering undisclosed expert opinions or offering the testimony of witnesses where not identified and disclosed as required by the Federal Rules of Civil Procedure is GRANTED.

Motion in limine no. 14: Plaintiff's retained expert witness, Matt Noedel, must be precluded from offering any opinion that is not disclosed in his report, including but not limited to, any opinion about the policies, practices or procedures of the SLMPD, or any opinion as to the negligence or "deliberate indifference," of

Defendant Officers because it is not helpful, constitutes an improper legal conclusion, and invades the province of the jury pursuant to FRE 702 is GRANTED by consent of the parties.

Motion in limine no. 15: Preclude Plaintiff from offering any evidence of Defendants' (or any other witnesses') disciplinary histories, internal complaint histories, or other evidence regarding unrelated incidents is GRANTED by consent as set forth in Plaintiffs' response.

Motion in limine no. 16: Preclude Plaintiff from offering any evidence of Police Division internal policies is GRANTED by consent of the parties.

Motion in limine no. 17: Preclude evidence of indemnification is GRANTED by consent.

Motion in limine no. 18: Preclude or limit testimony about Plaintiff Dennis Torres' prior military experience and/or disability. Testimony is limited as outlined in Plaintiffs' response.

Motion in limine 19: Preclude Plaintiff from offering evidence, eliciting testimony or making reference to officers throwing items, including Dennis Torres' metals in the trash after the incident is GRANTED.

Motion in limine no. 20: Preclude references and testimony regarding protests against police brutality/shootings, including the Black Lives Matter Movement, and other high-profile cases involving alleged police misconduct is GRANTED by consent of the parties.

Motion in limine no. 21: Preclude Plaintiff from offering evidence, eliciting testimony or making reference to Gina Torres' involvement in the movement against police brutality/shootings, and any interviews or videos made by non-profit organizations including Arch City Defenders is GRANTED by consent of the parties.

Motion in limine no. 22: Preclude Plaintiff and witnesses in the courtroom from wearing images of Decedent or references to protests against police brutality/shootings, and other high-profile cases involving alleged police misconduct is GRANTED by consent of the parties.

Motion in limine no. 23: Preclude Plaintiff from offering evidence, eliciting testimony or making any reference to any settlement demand or discussions of any nature, the content thereof, amount demanded or offered, or any other comment or statement intended to convey in any manner the existence of settlement negotiations or the amounts thereof pursuant to FRE 408 and 402 is GRANTED by consent of the parties.

Motion in limine no. 24: Preclude Plaintiffs from offering evidence of or making any argument of lack of testing of GSR on Isaiah Hammett's hands is GRANTED by consent of the parties.

Motion in limine no. 25 Preclude Plaintiff from offering evidence, eliciting testimony, or making any reference to damages related to Plaintiff's minor children as inadmissible is GRANTED.

Motion in limine no. 26: Preclude evidence of Plaintiff's grief or bereavement

by reason of Hammett's death is GRANTED by consent of the parties.

Motion in limine no. 27: Preclude evidence or argument that anyone, including Dennis Torres or Gina Torres, suffered medically diagnosable or medically significant harm absent requisite medical expert testimony regarding causation GRANTED as moot by Plaintiffs' response.

Motion in limine no. 28: Preclude Plaintiff from offering any evidence or argument relating to the presence or absence of body worn cameras is GRANTED.

Dated this 1st day of November, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE